OPINION {¶ 1} Jasmin Ann Roque ("Jasmin") appeals from the judgment of the Trumbull County Court of Common Pleas, Division of Domestic Relations, Juvenile Department, terminating her parental rights and granting permanent custody of her daughter, Chantel, to the Trumbull County Children Services Board ("TCCSB"). As the trial court failed to follow either the basic due process requirements enshrined in the United States and Ohio constitutions, or the particular due process provisions of R.C. 2151.414-especially those regarding effective assistance of counsel — we reverse the decision of the trial court, and remand for further proceedings.
 {¶ 2} On May 26, 2005, TCCSB filed a motion for permanent custody of Chantel, age 8 years, who had been adjudged a dependent child on or about February 11, 2004. According to the court's judgment entry, the adjudicatory hearing on the motion for permanent custody was held July 28, 2005. The trial court's docket contains no formal entry of trial for that date, and the court reporter's transcript indicates the hearing was held July 7, 2005. The dispositional hearing was held February 9, 2005. Jasmin was not present at the hearings because she was incarcerated at that time.
 {¶ 3} The trial court terminated Jasmin's parental rights and granted permanent custody of Chantel to TCCSB by a judgment entry filed September 23, 2005. Jasmin filed a timely notice of appeal, making the following assignments of error:
 {¶ 4} "[1]. The trial court erred in awarding permanent custody to appellee when appellant was not afforded effective assistance of counsel.
 {¶ 5} "[2]. The trial court erred to the prejudice of Ms. Roque by failing to hold the new permanent custody hearing with the participation of appointed counsel for Chantel when she was sufficiently mature enough to express her wishes and there was a conflict between her interests and those expressed by the guardian ad litem."
 {¶ 6} We deal with the errors assigned in order.
 {¶ 7} At the outset, we note the termination of parental rights is "* * * the family law equivalent of the death penalty * * *." In rePhillips, 11th Dist. No. 2005-A-0020, 2005 Ohio 3774, at ¶ 22, citingIn re Hoffman, 97 Ohio St.3d 92, 2002 Ohio 5368, at ¶ 14. See, also,In re Murray (1990), 52 Ohio St.3d 155, 157 (parents have a "fundamental liberty interest" in the care, custody, and management of their children, and an "essential" and "basic civil right" to raise them). Accordingly, when the state initiates a permanent custody proceeding, parents must be provided with fundamentally fair procedures in accordance with the due process provisions of the Fourteenth Amendment to the United States Constitution, and Section 16, Article I of the Ohio Constitution. In re Sheffey, 167 Ohio App.3d 141, 2006-Ohio-619, at ¶ 21. This includes effective assistance of counsel. State ex rel.Heller v. Miller (1980), 61 Ohio St.2d 6, paragraph two of the syllabus;In re Ridenour, 11th Dist. Nos. 2004-L-168, and 2004-L-169, and 2004-L-170, 2005-Ohio-349, at ¶ 9; In re Brewster (Mar. 25, 1994), 11th Dist. No. 91-P-2365, 1994 Ohio App. LEXIS 1317, at 3, citing Jones v.Lucas Cty. Children Services Bd. (1988), 46 Ohio App.3d 85, 86.
 {¶ 8} While Jasmin couches her first assignment of error in terms of ineffective assistance, the record indicates that multiple failures by both her appointed counsel, and the trial court, led to a complete denial of her right to counsel and related due process rights.
 {¶ 9} Effective counsel is one who "* * * plays the role necessary to ensure that the trial is fair." Strickland v. Washington (1984),466 U.S. 668, 685. "* * * [A] fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." Id. Hence, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.
 {¶ 10} In United States v. Cronic (1984), 466 U.S. 648, the Supreme Court held that a per se violation of the right to counsel exists "* * * when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." Id. at 659, fn. 25. The Court further observed there may be "* * * some occasions when although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." Id. at 659-660.
 {¶ 11} When presented with ineffective assistance of counsel claims in proceedings to terminate parental rights, Ohio courts apply the two-prong Strickland test. Ridenour at ¶ 9. To demonstrate ineffective assistance of counsel, a party "* * * must show that counsel's performance was deficient and * * * that the deficient performance was so serious as to deprive [her] of a fair trial, a trial whose result is reliable."In re Colbert (Nov. 9, 2000), 11th Dist. No. 2000-A-0028, 2000 Ohio App. LEXIS 5249, at 7, citing State v. Post (1987), 32 Ohio St.3d 380, 388. In evaluating such claims, an appellate court must determine whether counsel's performance fell below an objective standard of reasonableness, and whether prejudice resulted. State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus. Prejudice exists when "the result of the trial would have been different" but for counsel's ineffectiveness. Id. at paragraph three of the syllabus. Courts must always recall that properly-licensed counsel is presumed competent,Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 301; and, that trial counsel must be afforded deference regarding trial strategy. State v.Dixon, 101 Ohio St.3d 328, 2004-Ohio-1585, at ¶ 52.
{¶ l2} Unfortunately, in this case, it is clear the performance of Jasmin's appointed counsel was deficient, meeting the first prong of theStrickland test. At the time of the permanent custody hearing, Jasmin's counsel had not spoken to her in eight months. Counsel failed to attend review hearings; failed to participate in discovery; failed to challenge hearsay evidence submitted at the permanent custody hearing;[1] and failed to cross-examine effectively the state's witnesses. Jasmin's counsel allowed three letters from her to the trial court, pleading for its help, to suffice for Jasmin's participation in the permanent custody hearing — and failed to object to their admission as evidence against her.
 {¶ 13} The second prong of the Strickland test is always more difficult to prove: how the ineffectiveness of counsel prejudiced a party by altering the outcome of the trial. However, essential due process rights cannot simply be waived away. Cf. In re Salsgiver, 11th Dist. No. 2002-G-2477, 2003-Ohio-1206, at ¶ 29. The lack of meaningful discovery and cross-examination in this case, the admission of hearsay and complete disregard for Jasmin's statutory and constitutional due process rights makes it impossible to glean from the record the reliability of the state's case. In substance, counsel's failure to assert Jasmin's rights meant no real trial could be had, nor record made. When there is no possibility for a fair trial, it is inherently prejudicial to the integrity of the trial, and thus, to the parties, including appellant herein. Due to the failure of Jasmin's counsel to participate, there is no possibility that a fair trial, one with a reliable outcome, resulted from the proceedings herein. This fulfills the second prong of the Strickland test.
 {¶ 14} The first assignment of error has merit.
 {¶ 15} It is only with the greatest reluctance that an appellate court finds merit in a claim for ineffective assistance of counsel. The trial court shares responsibility in this matter because it has the duty to appoint counsel for indigent defendants, many of whom, through the effects of poverty, ignorance, illiteracy or mental illness cannot choose who will represent them. For many, their children are all they have. An indigent may not have the right to counsel of his or her own choosing — but the right to competent counsel remains. State v.Blankenship (1995), 102 Ohio App.3d 534, 558. The trial court is guardian of this right.
 {¶ 16} In this case, the file evidences few attempts to make proper service on the parents. Neither Jasmin nor Chantel's father executed any waiver of counsel. The trial court conducted the permanent custody hearing like a pretrial. Hearsay was freely offered and accepted as evidence. The trial court referenced prior hearings at which Jasmin was either not present, or was unrepresented by counsel, yet no prior sworn testimony is of record. Though the trial court was well aware of Jasmin's place of incarceration, it made no effort to arrange her transportation to the permanent custody hearing, or otherwise arrange for her participation. It allowed her to be represented by counsel who had not spoken with his client in eight months.
 {¶ 17} Contrary to the trial court's assertion in one of its judgment entries, Jasmin was no mere observer to these proceedings: she was — or should have been — a participant. She had a right to be present or participate at the hearing. Cf. Sheffey at ¶ 12, fn. 1; In reThompson (Apr. 26, 2001), 10th Dist. Nos. 00AP-1358 and 00AP-1359, 2001 Ohio App. LEXIS 1890, at 19. She was not.
 {¶ 18} In lieu of appearance, the trial court may make other arrangements so a parent can witness and participate in the hearing, guaranteeing that parent's rights to due process and confrontation of witnesses. See, e.g., Sheffey at ¶ 12, fn. 1; see, also, Jordan v.Ivanchuk (Dec. 15, 1989), 11th Dist. No. 88-T-4102, 1989 Ohio App. LEXIS 4713, at 6-9. The trial court herein made no such arrangements.
 {¶ 19} The trial court had a duty to read Jasmin's rights to her on the record, and to obtain a knowing waiver of those rights. Cf.Sheffey at ¶ 23. It did not. In cases pertaining to the termination of parental rights, failure to comply with Juv.R. 29(D) has been found to be plain error. In re Elliott, 4th Dist. Nos. 03CA65 and 03CA66,2004-Ohio-2770, at ¶ 15; In re Aldridge, 4th Dist. No. 02CA2661, 2002-Ohio-5988, at ¶ 16.
 {¶ 20} We are mindful that Jasmin's counsel had a duty to protect her rights, and the trial court was responsible for the basic integrity of the proceedings herein.
 {¶ 21} By her second assignment of error, Jasmin asserts the trial court erred by failing to hold a new permanent custody hearing with the participation of appointed counsel for Chantel, since Chantel was sufficiently mature to express her wishes, and those wishes conflicted with the views expressed by her guardian ad litem. We agree.
 {¶ 22} "Pursuant to R.C. 2151.352, as clarified by Juv.R. 4(A) and Juv.R. 2(Y), a child who is the subject of a juvenile court proceeding to terminate parental rights is a party to that proceeding and, therefore, is entitled to independent counsel in certain circumstances."In re Williams, 101 Ohio St.3d 398, 2004-Ohio-1500, syllabus. The "certain circumstances" referred to include instances where a conflict exists between the guardian's recommendation, and the child's desires. Cf. In re Williams, 11th Dist. Nos. 2003-G-2498 and 2003-G-2499, 2003-Ohio-3550, at ¶ 18. Where a potential discrepancy between the child's wishes and the guardian ad litem's recommendation exists, the trial court must, at least, investigate, and determine if the child is of sufficient maturity to benefit from separate counsel. Cf. Id. at ¶ 18. "At a minimum, the court should conduct an in-camera, recorded interview with the child before making a lack of maturity to benefit from having appointed counsel decision." Id.
 {¶ 23} In this case, the guardian ad litem recommended to the trial court that Jasmin's parental rights be terminated. The TCCSB case supervisor for Chantel testified at the permanent custody hearing that Chantel "* * * would ultimately like to be with her mom * * * [.]" In view of this clear conflict, the trial court was required, at the least, to determine if Chantel was old enough to benefit from separate counsel. We note that a presumption exists that a minor child is entitled to separate counsel in termination of parental rights proceedings, evenwhen there is no conflict between the guardian ad litem'srecommendations and the child's expressed wishes. Williams, at ¶ 19-22.
 {¶ 24} The trial court, at a minimum, was required in this case to interview Chantel, on the record, to determine if she was of sufficient maturity to benefit from separate counsel. It failed to do so.
 {¶ 25} The second assignment of error has merit.
 {¶ 26} The judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion.
[1] A caseworker was permitted, without objection, to testify regarding Jasmin's urine screens. This is inadmissible hearsay. In reT.V., 10th Dist. Nos. 04AP-1159 and 04AP-1160, 2005-Ohio-4280, at ¶ 57-58.
WILLIAM M. O'NEILL, J., concurs,
DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.