[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} Chanhtho M. Maokhamphiou appeals from the judgment of the Portage County Court of Common Pleas, finding him guilty of felonious assault. We affirm.
 {¶ 2} December 9, 2005, the Portage County Grand Jury indicted Mr. Maokhamphiou on one count of felonious assault of a police officer, a first degree felony in violation of R.C. 2903.11(A)(2) and (D); and, one count of failure to comply with the *Page 2 
order or signal of a police officer, a third degree felony in violation of R.C. 2921.331. Mr. Maokhamphiou signed a written plea of guilty regarding the failure to comply charge February 2, 2006; and, proceeded to bench trial on the felonious assault charge that same day. The following facts are gleaned from the trial transcript.
 {¶ 3} During the evening of December 17, 2005, city of Kent police received a phone call that Mr. Maokhamphiou was at a duplex, 215 and 215 1/2 Starr Avenue, in Kent. The police had tried to serve a warrant upon Mr. Maokhamphiou several times, without success. Several officers responded, about 9:25 p.m., but were unable to locate Mr. Maokhamphiou. Patrolman Lewis remained behind to observe.
 {¶ 4} Shortly before 11:00 p.m. that evening, Kent police received another phone call that Mr. Maokhamphiou was removing his belongings from the Starr Avenue duplex, and putting them in his car, parked behind the residence. The area is partially wooded. Patrolman Lewis approached from the north, while Officer Jacobs approached from the south, and other officers responded to the front of the duplex. Patrolman Lewis and Officer Jacobs both saw Mr. Maokhamphiou pulling a large plastic tub, evidently filled with his belongings, to a car. The car was parked near two large mounds of dirt, the narrow passage between which provided the only escape route from the area.
 {¶ 5} Patrolman Lewis testified that the area was well lighted by certain overhead lights. The patrolman testified that Mr. Maokhamphiou suddenly stopped dragging his plastic tub, and fled to his car. The patrolman stationed himself between the two dirt mounds providing egress from the area, pointed his flashlight and weapon at Mr. Maokhamphiou, identified himself as Kent police, and ordered him to halt. Patrolman Lewis testified that Mr. Maokhamphiou had him in full view, illuminated by his car's *Page 3 
headlights; and, that instead of stopping, he gunned the car directly between the two dirt mounds. Patrolman Lewis jumped clear; Mr. Maokhamphiou's car struck one of the mounds, and rose on one side to a forty-five degree angle, before settling back. Mr. Maokhamphiou then sped away.
 {¶ 6} Officer Jacobs, who was approaching Mr. Maokhamphiou's car from the south, also saw him abandon his plastic tub, flee to his car, then speed away between the dirt mounds. Officer Jacobs testified that Mr. Maokhamphiou only turned on his headlights about five yards before striking the dirt mound. Officer Jacobs also warned Mr. Maokhamphiou to halt.
 {¶ 7} Officer Graves of the Kent police testified she was approaching the duplex from the Starr Avenue side, and that she heard Patrolman Lewis ordering Mr. Maokhamphiou to halt while still two houses away.
 {¶ 8} Testifying on his own behalf, Mr. Maokhamphiou admitted that he fled after spotting Officer Jacobs. He denied hearing any order to halt. He denied seeing Patrolman Lewis in front of his car. He testified that he would have stopped and surrendered if he had heard the police order him to stop.
 {¶ 9} Ultimately, Mr. Maokhamphiou surrendered to police following a lengthy and harrowing high speed chase.
 {¶ 10} By an order filed February 3, 2006, the trial court found Mr. Maokhamphiou guilty of felonious assault. Sentencing hearing was held May 1, 2006. By a journal entry filed May 8, 2006, the trial court sentenced Mr. Maokhamphiou to serve three years imprisonment for felonious assault, and one year for failure to comply, the terms *Page 4 
to run consecutively. Mr. Maokhamphiou timely appealed, making three assignments of error:
 {¶ 11} "[1.] Appellant's conviction of felonious assault was contrary to the manifest weight of the evidence.
 {¶ 12} "[2.] The trial court erred in failing to grant appellant's Criminal Rule 29 motion to dismiss the felonious assault charge following the conclusion of the case.
 {¶ 13} "[3.] Whether trial counsel's representation was deficient and affected the outcome of the case."
 {¶ 14} Under his first assignment of error, Mr. Maokhamphiou attacks his conviction for felonious assault on Patrolman Lewis as being against the manifest weight of the evidence. He contends his own testimony — that he did not see the patrolman, nor hear any order to stop — renders the conviction unsupportable. He notes it was night, and that it would be hard to see a police officer dressed in dark blue (as Patrolman Lewis was that evening). He cites to the universal agreement there is a dog kennel near the area where police attempted to stop him, containing very noisy dogs, in support of his argument that he heard no order to halt. Ultimately, he argues his alleged failure to notice Patrolman Lewis means he did not act with the mens rea necessary for felonious assault — i.e., to "knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." R.C. 2903.11(A)(2). See, also, State v. Jordan, 11th Dist. No. 2005-T-0049, 2006-Ohio-3425, at ¶ 26.
 {¶ 15} When reviewing a claim that a judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine *Page 5 
whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also,State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 16} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state has carried its burden of persuasion. Thompkins at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 17} When assessing witness credibility, "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." State v. Awan (1986),22 Ohio St.3d 120, 123. "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." Warren v.Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073, at 8. Furthermore, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict. Id.
 {¶ 18} In this case, the trial court, as finder of fact, was free to believe the testimony of Patrolman Lewis: that Mr. Maokhamphiou saw him, heard his order to halt, and tried to run him down. Simpson at 8. It was free to believe Officer Jacobs that he *Page 6 
told Mr. Maokhamphiou to stop. Id. It was free to believe Officer Graves that she heard Patrolman Lewis' order to stop from two houses away. Id. It was free to discount Mr. Maokhamphiou's testimony entirely. Id. This court cannot substitute another opinion. Awan at 123.
 {¶ 19} The first assignment of error lacks merit.
 {¶ 20} Under his second assignment of error, Mr. Maokhamphiou reasserts the state failed to prove the mens rea of felonious assault by arguing the trial court erred in failing to grant his Crim.R. 29(A) motion. Such motions are directed to the sufficiency of the evidence.State v. Brown, 11th Dist. No. 2006-L-064, 2006-Ohio-6872, at ¶ 21. A challenge to the sufficiency of the evidence raises a question of law, of due process. State v. Russell, 11th Dist. No. 2006-T-0020,2006-Ohio-6879, at ¶ 17. On review, an appellate court asks whether any rational finder of fact could have found all elements of the offense charged beyond a reasonable doubt. Id. The evidence adduced at trial, and all reasonable inferences, must be viewed in a light most favorable to the state. Id. An appellate court may not disturb a verdict for insufficiency of the evidence absent a finding that reasonable minds could not have reached that verdict. Id.
 {¶ 21} Mr. Maokhamphiou's sole contention is that the state introduced insufficient evidence to prove he "knowingly" sought to cause physical harm to Patrolman Lewis. The facts and reasoning applicable to the first assignment of error are, consequently, dispositive of the second. Patrolman Lewis testified that Mr. Maokhamphiou saw him, and heard his order to halt, yet tried to run him down with a car. If believed, this was sufficient to show Mr. Maokhamphiou possessed the requisite mens rea for felonious *Page 7 
assault. The trial court was not required to credit Mr. Maokhamphiou's contrary testimony. {¶ 22} The second assignment of error is without merit.
 {¶ 23} Under his third assignment of error, Mr. Maokhamphiou asserts his trial counsel was ineffective, for failure to call any witnesses on his behalf.
 {¶ 24} In evaluating ineffective assistance of counsel claims, Ohio appellate courts apply the two part test enunciated by the U.S. Supreme Court in Strickland v. Washington (1984), 466 U.S. 668. Cf. In reRoque, 11th Dist. No. 2005-T-0138, 2006-Ohio-7007, at ¶ 11. First, it must be determined that counsel's performance fell below an objective standard of reasonableness. Id. Second, it must be shown that prejudice resulted. Id. Prejudice exists if the results of the trial would have been different but for counsel's ineffectiveness. Id. Appellate courts must always recall properly-licensed counsel is presumed competent; and, that trial counsel is afforded strong deference regarding strategy. Id.
 {¶ 25} Application of the Strickland test to this case fails to reveal any ineffectiveness on the part of Mr. Maokhamphiou's trial counsel. Trial counsel effectively cross-examined the state's witnesses. Mr. Maokhamphiou fails to mention any witness who might have been called on his behalf, or any evidence his trial counsel failed to adduce.
 {¶ 26} The third assignment of error is without merit.
 {¶ 27} The judgment of the Portage County Court of Common Pleas is affirmed.
 CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., concur. *Page 1