OPINION
{¶ 1} Richard Hadden appeals from the judgment of the Trumbull County Court of Common Pleas, entered upon a jury verdict, finding him guilty of rape, kidnapping and grand theft of a motor vehicle, and sentencing him to terms of imprisonment totals eighteen years, six months. We affirm. *Page 2 
 {¶ 2} June 28, 2006, an indictment by the Trumbull County Grand Jury in three counts was filed against Mr. Hadden: (1) rape, in violation of R.C. 2907.02(A)(2) and (B), a felony of the first degree; (2) kidnapping in violation of R.C. 2905.01(A)(4) and (C), a felony of the first degree; and (3) grand theft of a motor vehicle, in violation of R.C. 2913.02(A)(1) and (B)(5), a felony of the fourth degree. The charges stemmed from an incident occurring on or about May 1 through 2, 2006. Mr. Hadden was attending a party at the home of his (married) girlfriend, T.R. The group was taking drugs, drinking, and playing cards. T.R. eventually started to drive Mr. Hadden home. When she refused his demands for sex, he pulled a "shank" on her, and made her return to her house, where he forced her to perform oral sex upon him. He then allowed her to go to her room, to obtain lubricants so he could anally rape her. T.R. took her three year old son, and locked herself in her room. When Mr. Hadden tried to force the door, T.R. escaped by a window with her son, and ran, naked, to the house of a neighbor, who gave her refuge, and called the police. When police arrived to search T.R.'s house, Mr. Hadden, and T.R.'s van, were missing.
 {¶ 3} Mr. Hadden was arrested May 25, 2006. He was carrying T.R.'s cell phone and key chain. He agreed to a videotaped interview with Detective Cunningham of the Warren police. At first, he denied touching T.R., but, eventually admitted to having oral sex with T.R. the day before.
 {¶ 4} Mr. Hadden was unable to make bond, and remained in jail from the time of his arrest. Though the trial judge earnestly moved the matter forward, numerous events, including the filing of motions directed to discovery, to suppression, and in limine, conflicts between Mr. Hadden and counsel, repeated competency examinations *Page 3 
of Mr. Hadden, as well as an inquiry into his sanity, prevented the commencement of trial.
 {¶ 5} Trial was finally had January 28, 2008, through February 1, 2008, when the jury found Mr. Hadden guilty on all counts. Sentencing hearing was held February 21, 2008; and, by a judgment entry filed February 29, 2008, the trial court sentenced Mr. Hadden to three consecutive terms of imprisonment, nine years for each of the first degree felonies, and six months for the fourth degree felony, for a total of eighteen years, six months imprisonment.
 {¶ 6} March 21, 2008, Mr. Hadden timely noticed appeal, assigning four errors:
 {¶ 7} "[1.] The trial court violated Appellant's Sixth Amendment right to a speedy trial when it overruled Appellant's repeated motions for dismissal based upon his right to a speedy trial. Sixth Amendment andFourteenth Amendment to the United States Constitution, Article I of the Ohio Constitution and R.C. 2945.71.
 {¶ 8} "[2.] The Appellant was denied the effective assistance of counsel in violation of his rights as contained in the Sixth Amendment to the United States Constitution.
 {¶ 9} "[3.] The trial court erred by denying the Appellant his Constitutional Right to self-representation when clearly and unequivocally invoked.
 {¶ 10} "[4.] The cumulative effect of errors during the trial resulted in the Appellant being denied a fair trial. United States Constitution, Ohio Constitution."
 {¶ 11} By his first assignment of error, Mr. Hadden alleges he was deprived of his speedy trial rights under the Sixth Amendment to the United States Constitution, and Section 10, Article I of the Ohio Constitution. The speedy trial rights so guaranteed are *Page 4 
effectuated in Ohio by R.C. 2945.71 — 2945.73. Pursuant to R.C. 2945.71(C)(2), a person charged with a felony must be brought to trial within two hundred seventy days of his or her arrest. Pursuant to R.C. 2945.71(E), "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.72 sets forth various events which "toll" the running of the speedy trial period. In relevant part to this case, the section provides:
 {¶ 12} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 13} "* * *
 {¶ 14} "(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined * * *;
 {¶ 15} "* * *
 {¶ 16} "* * *
 {¶ 17} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused * * *[.]"
 {¶ 18} If it is determined that an accused felon's speedy trial rights have been violated, R.C. 2945.73(A) requires a trial court to dismiss the charge.
 {¶ 19} "`The standard of review of a speedy trial issue is to count the days of delay chargeable to either side and determine whether the case was tried within the time limits set by R.C. 2945.71.'" State v.Niebauer, 11th Dist. No. 2007-A-0097, 2008-Ohio-3988, at ¶ 34, quotingState v. Kist, 173 Ohio App.3d 158, 2007-Ohio-4773, at ¶ 17. *Page 5 
 {¶ 20} The parties in this case agree that the "triple count" provision of R.C. 2945.71(E) applies, since Mr. Hadden was continuously jailed from the time of his arrest May 25, 2006, until his trial commenced January 28, 2008.
 {¶ 21} Mr. Hadden's first counsel filed a motion for a bill of particulars and a motion for discovery June 23, 2006. Pursuant to R.C. 2945.72(E), these filings tolled the speedy trial period after twenty-nine days had run. See, e.g., State v. Brown, 98 Ohio St.3d 121,2002-Ohio-7040, at the syllabus. The trial court granted the motions July 3, 2006; and, the state responded to each motion July 28, 2006. The speedy trial period commenced running again.
 {¶ 22} August 2, 2006, defense counsel filed a motion to suppress; a motion in limine; and, a motion for jury view. Motions to suppress and in limine toll the speedy time period. Niebauer, supra, at ¶ 47 (motions to suppress toll speedy trial period); State v. Sanchez,110 Ohio St.3d 274, 2006-Ohio-4478, at ¶ 25 (defendant's motion in limine tolls speedy trial period). Four days of Mr. Hadden's speedy trial period elapsed between July 28, 2006, and the filings of these motions August 2, 2006, meaning that thirty-three days of the speedy trial period had elapsed. Defense counsel filed a further motion in limine August 3, 2006, demanding the right to cross examine T.R. about her sexual past and drug use. August 8, 2006, defense counsel moved in limine again, demanding that the state's case be limited to matters set forth in its response to Mr. Hadden's bill of particulars. That same day, defense counsel moved for permission to see T.R.'s grand jury testimony. August 30, 2006, defense counsel moved to dismiss, based on alleged violation of Mr. Hadden's speedy trial rights. Like motions to *Page 6 
suppress, and in limine, motions to dismiss toll the speedy trial period. Sanchez, supra, at ¶ 25.
 {¶ 23} Hearing was held September 22, 2006. Defense counsel informed the trial court of a conflict which had arisen between himself and Mr. Hadden, necessitating his withdrawal as counsel. Mr. Hadden objected, and asserted his speedy trial rights. The state indicated its willingness to move forward to trial. The learned trial court, defense counsel, and the assistant prosecutor appearing for the state all admonished Mr. Hadden to not make self-incriminating remarks on the record. The trial court set the matter for further hearing on September 28, 2006. This hearing did not go forward, and, evidently, was reset for October 25, 2006. The October 25, 2006 hearing also seems to have been continued to November 30, 2006. The November 30, 2006 hearing was cancelled due to a scheduling mix-up with new defense counsel.
 {¶ 24} The trial court granted defense counsel's motion to withdraw by a judgment entry filed October 4, 2008. That same day, the trial court filed its judgment entry appointing new counsel for Mr. Hadden.
 {¶ 25} October 10, 2006, new defense counsel filed a second motion for a bill of particulars, as well as a second request for discovery. The trial court granted these motions November 13, 2006.
 {¶ 26} December 21, 2006, hearing was finally had. New defense counsel was unavailable: his partner appeared, instead. The suppression hearing was set for January 10, 2007.
 {¶ 27} Hearing on the motion to suppress did not go forward January 10, 2007. Rather, having observed various examples of erratic behavior on Mr. Hadden's part, the *Page 7 
trial court, sua sponte, ordered the state to prepare a judgment entry requiring that Mr. Hadden be evaluated both for competency, and for whether he was not guilty by reason of insanity. This order further tolled the speedy trial period. See, e.g., R.C. 2945.72(B); State v.Palmer (1998), 84 Ohio St.3d 103, 105-107. The judgment entry was filed by the trial court January 25, 2007, but inadvertently failed to order a not guilty by reason of insanity evaluation.
 {¶ 28} Hearing was held again March 15, 2007. The competency evaluation had not yet been submitted. The state offered to contact the organization responsible for the evaluation to discover the reason for delay. Mr. Hadden again asserted his speedy trial rights. Immediately thereafter, his counsel specifically disavowed any intention to move the court to dismiss charges based on Mr. Hadden's speedy trial rights.
 {¶ 29} Hearing was again held March 29, 2007. Defense counsel was not present, but the state informed the trial court that the organization responsible for evaluating Mr. Hadden's competency had promised to prepare its report in the next several weeks.
 {¶ 30} Hearing went forward again April 19, 2007. Defense counsel's partner appeared for Mr. Hadden. He stated that defense counsel had not yet had the opportunity to review the competency evaluation. The state noted the failure to prepare a not guilty by reason of insanity evaluation. Counsel appearing for Mr. Hadden orally moved to withdraw his partner's representation, due to Mr. Hadden's dissatisfaction with counsel. The trial court denied the motion to withdraw, and rescheduled hearing for the following week. *Page 8 
 {¶ 31} Hearing again occurred April 26, 2007. Evidently dissatisfied with the results of his client's competency evaluation (which is not of record), defense counsel indicated his intention of procuring a second opinion. The trial court concurred this was necessary, and the state offered its full cooperation.
 {¶ 32} Hearing went forward again May 17, 2007. The state indicated defense counsel was still negotiating with a psychologist regarding the price for evaluating Mr. Hadden's competency. The matter was reset for May 31, 2007. That day, defense counsel was not in court, but the state indicated defense counsel had filed paperwork regarding the matter.[1]
The matter was reset for June 21, 2007.
 {¶ 33} At the June 21, 2007 hearing, the state noted the additional competency evaluation had not yet been prepared, and requested the matter be reset for July 19, 2007. Defense counsel agreed. At the lengthy July 19, 2007 hearing, there was further discussion between the trial court, counsel for the parties, and Mr. Hadden regarding his competency.
 {¶ 34} July 24, 2007, defense counsel finally moved the trial court to obtain a second competency evaluation for Mr. Hadden. July 26, 2007, the trial court granted the motion.
 {¶ 35} Hearing was held again August 16, 2007, and continued until September 6, 2007, as the second competency evaluation was not yet ready. The same remained true at the September 6, 2007 hearing. *Page 9 
 {¶ 36} Hearing was held again October 25, 2007. By this point, the two psychological reports had been submitted to the trial court. In order to have time to study the reports, the trial court set competency hearing for November 8, 2007.
 {¶ 37} November 6, 2007, defense counsel moved to reset the November 8, 2007 competency hearing, for medical reasons. The trial court granted this motion by a judgment entry filed November 21, 2007.
 {¶ 38} The competency hearing actually went forward November 15, 2007, with defense counsel's partner standing in for him. Based on the competency evaluations, the trial court made an oral finding Mr. Hadden was competent. This finding was journalized in a judgment entry filed December 17, 2007. The trial court further ordered the suppression hearing to go forward December 12, 2007, the first date defense counsel was available. Defense counsel's partner orally moved the court to allow defense counsel to withdraw, based on a breakdown of the attorney-client relationship. The trial court denied the motion.
 {¶ 39} Hearing on the motion to suppress went forward December 12, 2007. At the hearing, Mr. Hadden dismissed the motion. The trial court further considered the motion for jury view, and the various motions in limine filed by first defense counsel, and took them under advisement. At the state's request, the trial court delayed ruling on Mr. Hadden's motion to review the victim's grand jury testimony. The speedy trial period, of which thirty-three days had elapsed during the summer of 2006, commenced running again.
 {¶ 40} Jury trial was set for January 22, 2008. January 16, 2008, defense counsel moved for a continuance, due to medical reasons. A pretrial was held the *Page 10 
following day. It was decided to reset the trial date to January 30, 2008. January 23, 2008, the trial court's judgment entry granting continuance of the trial date of January 22, 2008, was filed. Pursuant to R.C. 2945.72(H), the speedy trial period tolled. Forty-one days of the speedy trial period had run since the December 12, 2007 suppression hearing, bringing the total of days elapsed to seventy-four. January 24, 2008, pretrial was had, again. The trial court, sua sponte, set trial for January 28, 2008. Consequently, the speedy trial period recommenced. Three or four more days elapsed before the commencement of trial.
 {¶ 41} Thus, by our calculation, for speedy trial purposes, Mr. Hadden's trial commenced well within the statutory period allowed.
 {¶ 42} By the time of the January 10, 2007 hearing, originally scheduled as a suppression hearing, the trial court was sufficiently concerned by Mr. Hadden's outbursts, including his abusive conduct toward his distinguished defense counsel, to move, sua sponte, for a competency evaluation. Both counsel for the defense and for the state agreed. Obviously, until the issue of Mr. Hadden's ability to assist in his own defense was resolved, the suppression hearing could not go forward. Determining his competency took until November 15, 2007. Thereafter, the suppression hearing came forward quickly, December 12, 2007, when the motion was dismissed. Similarly, once this occurred, the matter moved expeditiously to trial.
 {¶ 43} These points are significant, since this court has held that motions filed by the defense in criminal cases, and other tolling events under R.C. 2945.72(E), must be ruled on by the trial court within a reasonable time. As this court stated in State v. Ritter (Dec. 17, 1999), 11th Dist. No. 98-A-0065, 1999 Ohio App. LEXIS 6100, at 10-11: *Page 11 
 {¶ 44} "There are no specific criteria to apply when considering the reasonableness of a delay in ruling on a defense motion. The determination of whether a delay was inordinate is simply a judgment call. Careful consideration, though, must be given to the particular circumstances surrounding the case and the filing of the motion. An appellate court should consider all factors, including, inter alia, the nature of the motion itself, whether other motions were pending during the same period, and the presence of any extenuating circumstances which made ruling upon the motion extremely difficult." (Emphasis sic.)
 {¶ 45} We believe the only period to which this analysis might be applied in this case is the time from August 2, 2006, when Mr. Hadden's original counsel filed the motion to suppress, until the January 10, 2007 hearing where the trial court ordered the competency evaluation. Under the particular circumstances of this case, we find it was reasonable for the trial court not to rule upon the motion to suppress during this period. Original defense counsel filed six other motions, including one to review the victim's grand jury testimony, and one to dismiss, in August 2006. Then, he was required to withdraw in late September of that year: new defense counsel had to be appointed, and given time to familiarize himself with the matter. Further, there were the periodic evidences of Mr. Hadden's erratic behavior, culminating in the trial court's order for evaluation of his competency.
 {¶ 46} Mr. Hadden's speedy trial rights were not violated. The first assignment of error lacks merit.
 {¶ 47} By his second assignment of error, Mr. Hadden asserts he received ineffective assistance of counsel. He presents two arguments: that counsel failed to *Page 12 
move to dismiss based on violation of Mr. Hadden's speedy trial rights; and, that counsel failed to protect Mr. Hadden's right to self-representation.
 {¶ 48} In evaluating ineffective assistance of counsel claims, Ohio appellate courts apply the two part test enunciated by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668. Cf.In re Roque, 11th Dist. No. 2005-T-0138, 2006-Ohio-7007, at ¶ 11. First, it must be determined that counsel's performance fell below an objective standard of reasonableness. Id. Second, it must be shown that prejudice resulted. Id. Prejudice exists if the results of the trial would have been different but for counsel's ineffectiveness. Id. Appellate courts must always recall properly-licensed counsel is presumed competent; and, that trial counsel is afforded strong deference regarding strategy. Id.
 {¶ 49} Application of the Strickland test to this case shows that Mr. Hadden did not receive ineffective assistance of counsel. Regarding his first issue, it is simply untrue that no motion to dismiss based on violation of Mr. Hadden's speedy trial rights was filed: Mr. Hadden's first counsel did this in August 2006. Further, as shown in our discussion of the first assignment of error, no such violation occurred.
 {¶ 50} Mr. Hadden's second issue — that counsel failed to protect his right to self-representation — is based on an incident occurring at the November 15, 2007 competency hearing. Having determined Mr. Hadden to be competent, the trial court and counsel were trying to set a date for the suppression hearing. The following exchange occurred:
 {¶ 51} The trial court: "You're going to need time too. We need an alternate date." *Page 13 
 {¶ 52} Attorney Goodman: "Attorney Fowler is not available next week."
 {¶ 53} Mr. Hadden: "I can represent this myself. They got public defenders, and I got public pretenders. I can represent myself."
 {¶ 54} The trial court: "You've got to get subpoenas out and everything."
 {¶ 55} Attorney Goodman: "Judge, at this time, I would once again renew our motion to withdraw as counsel for Mr. Hadden. This man continues to hurl insults in open court toward his lawyers. The relationship has broken down to the point where I don't believe an effective defense can be provided to him by Attorney Fowler or our office."
 {¶ 56} Noting that he had no other attorneys to appoint to represent Mr. Hadden, the trial court denied the motion to withdraw. The trial court stated the motion to suppress should be heard. The following ensued:
 {¶ 57} Mr. Hadden: "I can represent myself, Your Honor. Give me access to the law books. I can represent myself in a court of law better than these public pretenders."
 {¶ 58} Attorney Goodman: "Mr. Hadden does appear to be a brilliant litigator."
 {¶ 59} Mr. Hadden: "You can blow smoke up your a**."
 {¶ 60} In State v. Cassano, 96 Ohio St.3d 94, 2002-Ohio-3751, at ¶ 32, the Supreme Court of Ohio set forth the parameters of the right to self-representation:
 {¶ 61} "We have recognized that `a defendant in a state criminal trial has an independent constitutional right of self-representation and (* * *) may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so.' State v. Gibson (1976),45 Ohio St.2d 366, * * *, paragraph one of the syllabus, citing Faretta v.California (1975), 422 U.S. 806, * * *. If a trial court denies the right to *Page 14 
self-representation, when properly invoked, the denial is per se reversible error. State v. Reed (1996), 74 Ohio St.3d 534, * * *, citingMcKaskle v. Wiggins (1984), 465 U.S. 168, * * *. To establish an effective waiver of the right to counsel, `the trial court must make sufficient inquiry to determine whether (the) defendant fully understands and intelligently relinquishes that right.' Gibson, 45 Ohio St.2d 366, * * *, paragraph two of the syllabus." (Parallel citations omitted.)
 {¶ 62} Further, the invocation of the right to self-representation must be "`clear and unequivocal.'" Cassano at ¶ 38, citing United Statesv. Frazier-El (C.A.4, 2000), 204 F.3d 553, 558. The right to self-representation is waived, if a defendant invoking it allows counsel to participate in trial. Cassano at ¶ 42.
 {¶ 63} In this case, Mr. Hadden did not clearly and unequivocally assert his right to self-representation at the November 15, 2007 competency hearing. In the context of the entire transcript of that hearing, it appears he was simply trying to avoid any further delay in the proceedings, consequent upon his counsel's inability to attend a suppression hearing the following week. It also seems that Mr. Hadden asserted the right, at least in part, to have further opportunity to insult and abuse his appointed counsel and counsel's partner, who appeared at the hearing on his behalf. The transcripts of all the hearings, and trial, indicate that abusing his highly experienced and able counsel was a habit of Mr. Hadden's.
 {¶ 64} Finally, we note that defense counsel represented Mr. Hadden at the trial of this matter. On the third day of trial, Mr. Hadden required defense counsel to move the trial court to withdraw. When the learned trial court admonished Mr. Hadden that this was not in his best interest, Mr. Hadden stated that defense counsel could continue. *Page 15 
Thus, even if the right was properly invoked at the competency hearing, it was fully waived. Cassano at ¶ 42.
 {¶ 65} The second assignment of error lacks merit.
 {¶ 66} By his third assignment of error, Mr. Hadden again asserts he was denied his right of self-representation. Having discussed, and rejected, this argument in disposing of his second assignment of error, we find his third assignment of error lacks merit.
 {¶ 67} By his fourth assignment of error, Mr. Hadden invites us to apply the doctrine of cumulative error to his case. As set forth inState v. DeMarco (1987), 31 Ohio St.3d 191, at paragraph two of the syllabus, that doctrine provides: "[a]lthough violations of the Rules of Evidence during trial, singularly, may not rise to the level of prejudicial error, a conviction will be reversed where the cumulative effect of the errors deprives a defendant of the constitutional right to a fair trial."
 {¶ 68} Mr. Hadden cites to four events during trial which he alleges cumulated to deprive him of a fair trial.
 {¶ 69} First, he points to a statement made by Officer Jeffrey Miller of the Warren City Police Department. Defense counsel was cross examining Officer Miller on his report of T.R.'s rape. The report contained the statement that T.R. did not wish to make "a big deal" about her rape. Officer Miller testified this was due to her fear of Mr. Hadden, a drug dealer, harming her.
 {¶ 70} In the context of this case, we find the error, if any, harmless. Defense counsel did not object at the time. By going through the police report, point by point, he was trying to elicit the important information that T.R. did not complain about being *Page 16 
orally raped at the time of the incident. Further, the information that Mr. Hadden was a drug dealer cannot be deemed prejudicial, since (against advice of counsel), he insisted on testifying himself, and admitted this fact.
 {¶ 71} This issue lacks merit.
 {¶ 72} Next, Mr. Hadden objects to certain testimony elicited from Detective Brian Holmes of the Warren police on direct examination. Recalling T.R.'s description of Mr. Hadden, Detective Holmes stated, amongst other things: "She also described that she believed he was in prison, judging by the stories he would tell."
 {¶ 73} Again, the error, if any, was harmless. Mr. Hadden, when testifying on his own behalf, spoke of his prior imprisonment.
 {¶ 74} This issue lacks merit.
 {¶ 75} Mr. Hadden next cites to an incident in which the assistant prosecutor, and he, exchanged words. Standing away from the jury, counsel and Mr. Hadden were reviewing the redactions in a DVD recording of Mr. Hadden's interview with police. Mr. Hadden became disruptive, and the assistant prosecutor asked him to be quiet.
 {¶ 76} The trial court individually voir dired the entire jury, including the alternate. None knew exactly what had happened or what was said. All agreed they could continue to be fair and impartial.
 {¶ 77} This issue lacks merit.
 {¶ 78} Finally, Mr. Hadden objects that the trial court had him removed from the room during part of T.R.'s cross examination, and during his counsel's closing argument. During the victim's cross examination, Mr. Hadden yelled an epithet at her. The trial court brought him to chambers, and warned him to control himself or be *Page 17 
removed from the trial. He insisted he would continue to abuse the witness. His own counsel asked that he be removed. Mr. Hadden roundly abused the trial judge, and his own counsel, and asked to be removed from the proceedings.
 {¶ 79} In Illinois v. Allen (1970), 397 U.S. 337, 343, the United States Supreme Court held:
 {¶ 80} "* * * [A] defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." (Footnote omitted.)
 {¶ 81} It is clear from the transcript that Mr. Hadden's behavior was highly disruptive. The learned trial court consistently tried to calm him, at one point stating, "I am also asking for you to quit jumping around and making hee haws and noises," before being cut off with another insult by Mr. Hadden.
 {¶ 82} It was not error to remove Mr. Hadden from the courtroom.
 {¶ 83} The fourth assignment of error lacks merit.
 {¶ 84} We respectfully acknowledge the extraordinary efforts made throughout the proceedings below by the learned trial judge, defense counsel, and the assistant prosecutor, in making certain that Mr. Hadden received a fair trial, despite himself. Their conduct was in the very highest traditions of our bench and bar. This case clearly illustrates the difficulties attending our present legal definition of competence. The record is replete with incidents of outbursts and uncontrolled behavior by Mr. Hadden, *Page 18 
strongly indicating some mental or emotional problem. The question of how to deal with the functional, but emotionally or mentally ill defendant, needs to be addressed.
 {¶ 85} The judgment of the Trumbull County Court of Common Pleas is affirmed.
 {¶ 86} It is the further order of this court that costs are waived since appellant appears from the record to be indigent. The court finds that there were reasonable grounds for this appeal.
CYNTHIA WESTCOTT RICE, J., concurs, DIANE V. GRENDELL, P.J., concurs in judgment only.
[1] We find nothing in the record from this date. *Page 1