OPINION
{¶ 1} Appellant, Jody A. Elliott, appeals from the judgment of conviction entered by the Portage County Court of Common Pleas following a trial by jury, in which a verdict was reached convicting him of possession of cocaine, with a specification, in violation of R.C. 2925.11(A)(C)(4)(c). The jury found Elliott not guilty on the charge of trafficking in cocaine, in violation of R.C. 2925.03.
 {¶ 2} Elliott was indicted on the following counts: count one, trafficking in cocaine, in violation of R.C. 2925.03; count two, possession of cocaine, in violation of *Page 2 
R.C. 2925.11; count three, possession of hydrocodone, in violation of R.C. 2925.11; and count four, drug paraphernalia, in violation of R.C. 2925.14. Counts one and two contained a forfeiture specification for the $571 on Elliott's person at the time of the commission of the offenses. A nolle prosequi was entered on the remaining counts.
 {¶ 3} The matter proceeded to a jury trial. At trial, Officer Thomas Eskridge of the Ravenna Police Department testified to the following:
 {¶ 4} On October 26, 2007, he ran the license plate of a vehicle after observing its speed dramatically decrease in a residential area. The LEADS report confirmed the vehicle as stolen, and Officer Eskridge effectuated a traffic stop.
 {¶ 5} Elliott was the passenger of the vehicle, which was driven by Rathatis Calhoun. Officer Eskridge arrested Calhoun and, upon a search of the vehicle, discovered an open container of beer in the front passenger area and a black case under the front passenger's seat. The case contained a large amount of cocaine, packaged in three separate bags.
 {¶ 6} After Mirandizing Calhoun and Elliott, he individually questioned each of them regarding the cocaine. Calhoun denied any knowledge of the cocaine recovered from the vehicle.
 {¶ 7} Next, he approached Elliott about the "stuff under the seat." Although Elliott initially denied any knowledge of the cocaine recovered from the vehicle, Officer Eskridge testified at trial that Elliott eventually admitted to using cocaine, and he acknowledged that he buys large quantities of cocaine because it is cheaper.
 {¶ 8} Upon searching Elliott's person, Officer Eskridge recovered cash in the amount of $571. *Page 3 
 {¶ 9} Officer Kevin Lafferty of the Ravenna Police Department also testified at trial regarding the incident on said date. Officer Lafferty testified that he arrived at the scene after the traffic stop had been effectuated by Officer Eskridge. Officer Lafferty stated that, as he was walking toward Officer Eskridge, he overheard Elliott telling Officer Eskridge that the cocaine found in the vehicle was his; he was using it for personal use; and he did not sell it.
 {¶ 10} After the jury returned a verdict of not guilty on count one and guilty on count two, the trial court sentenced Elliott to a four-year term of imprisonment. In addition, the trial court suspended Elliott's driver's license for five years and ordered a fine in the amount of $5,000, plus court costs.
 {¶ 11} Elliott filed a timely notice of appeal and, on appeal, asserts the following assignments of error:
 {¶ 12} "[1.] Mr. Elliot [sic] was denied the effective assistance of counsel as guaranteed by the Sixth andFourteenth Amendments to the U.S. Constitution and Article I, Section X of the Ohio Constitution where his counsel failed to file a motion to suppress.
 {¶ 13} "[2.] The guilty verdict was not supported by sufficient evidence and/or the guilty verdict was against the manifest weight of the evidence presented at trial."
 {¶ 14} Under his first assignment of error, Elliott asserts ineffective assistance due to failure by trial counsel to file a motion to suppress claiming his confession was coerced.
 {¶ 15} In evaluating ineffective assistance of counsel claims, Ohio appellate courts apply the two-part test enunciated by the United States Supreme Court in *Page 4 Strickland v. Washington (1984), 466 U.S. 668. See, In reRoque, 11th Dist. No. 2005-T-0138, 2006-Ohio-7007, at ¶ 11. (Citations omitted.) First, it must be determined that counsel's performance fell below an objective standard of reasonableness. Id. Second, it must be shown that prejudice resulted. Id. "Prejudice exists when `the result of the trial would have been different' but for counsel's ineffectiveness." Id. Appellate courts "must always recall that a properly-licensed counsel is presumed competent" and that trial counsel is afforded strong deference regarding strategy. Id.
 {¶ 16} "There is a strong presumption in Ohio that a licensed attorney is competent. * * * Accordingly, to overcome this presumption, a defendant must show that the actions of his attorney did not fall within a range of reasonable assistance. * * *
 {¶ 17} "Furthermore, debatable strategic and tactical decisions will not form the basis of a claim for ineffective assistance of counsel, even if there had been a better strategy available. * * * In other words, errors of judgment regarding tactical matters do not substantiate a defendant's claim of ineffective assistance of counsel."State v. Swick (Dec. 21, 2001), 11th Dist. No. 97-L-254,2001 Ohio App. LEXIS 5857, at *5-6. (Internal citations omitted.)
 {¶ 18} "When claiming ineffective assistance due to failure to file or pursue a motion to suppress, an appellant must point to evidence in the record showing there was a reasonable probability the result of trial would have differed if the motion had been filed or pursued."State v. Gaines, 11th Dist. Nos. 2006-L-059 and 2006-L-060, 2007-Ohio-1375, at ¶ 17, citingState v. Clark, 11th Dist. No. 2002-A-0056, 2003-Ohio-6689, at ¶ 28. "If case law indicates the motion would not have been granted, then counsel cannot be considered ineffective for failing to prosecute it." Gaines, supra, *Page 5 
at ¶ 17, citing State v. Edwards (Sept. 5, 2000), 10th Dist. No. 99AP-958, 2000 Ohio App. LEXIS 3971, at *8.
 {¶ 19} In State v. Fernandez, this court discussed whether a defendant's statement was voluntarily made to a police officer. This court stated:
 {¶ 20} "To determine whether a statement was voluntarily made, the trial court must consider the totality of the circumstances. * * * This includes, but is not limited to, `the age, mentality, prior criminal experience of the defendant, the length, intensity, and frequency of the interrogation, and the existence of physical deprivation or mistreatment, or the existence of any threat or inducement.' * * *
 {¶ 21} "Moreover, a statement cannot be used against a defendant if it was the result of, for example, threats or direct or implied promises of leniency. * * * `If "`the defendant is given to understandthat he might reasonably expect benefits in the nature of more lenienttreatment at the hands of the police, prosecution or court inconsideration of making a statement, even a truthful one, suchmotivation is deemed to render the statement involuntary andinadmissible. The offer or promise of such benefit need not be expressed, but may be implied from equivocal language not otherwise made clear.'"' [Emphasis in original and citations omitted.] * * *
 {¶ 22} "`* * * Admonitions to tell the truth and even badgering a suspect to be truthful do not rise to the level of improper conduct.' * * * Furthermore, `promises that a defendant's cooperation will be considered or that a confession will be helpful do not invalidate an otherwise legal confession.' * * *." State v. Fernandez, 11th Dist. No. 2001-L-162, 2002-Ohio-7140, at ¶ 18-20. (Internal citations omitted.) *Page 6 
 {¶ 23} We hold that Elliott's trial counsel was not ineffective for failing to file a motion to suppress since case law establishes it would have been futile. Gaines at ¶ 17. A review of the tape-recorded statements at the scene of the incident do not indicate Officer Eskridge used coercion, for he merely used interview techniques that provided Elliott with alternative scenarios for why he would be in possession of the cocaine. Never did Officer Eskridge use coercion or promises of leniency from the police, the prosecution, or the court.
 {¶ 24} Therefore, Elliott's first assignment of error is without merit.
 {¶ 25} Under Elliott's second assignment of error, he argues the guilty verdict was against the sufficiency and manifest weight of the evidence.
 {¶ 26} When measuring the sufficiency of the evidence, an appellate court "must consider whether the state set forth enough evidence to sustain the jury's verdict as a matter of law." Kent v.Kinsey, 11th Dist. No. 2003-P-0056, 2004-Ohio-4699, at ¶ 11. A verdict is supported by sufficient evidence when, after viewing the evidence most strongly in favor of the prosecution, there is substantial evidence upon which a jury could reasonably conclude that the state proved all elements of the offense beyond a reasonable doubt.State v. Schaffer (1998), 127 Ohio App.3d 501, 503, citingState v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082,1994 Ohio App. LEXIS 5862, *14.
 {¶ 27} In order to convict Elliott of possession of cocaine, the state had to prove, beyond a reasonable doubt, that Elliott did "knowingly obtain, possess, or use a controlled substance." R.C. 2925.11(A).
 {¶ 28} Pursuant to R.C. 2925.01(K), "`possess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to *Page 7 
the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 29} Furthermore, "knowingly" is defined by R.C. 2901.22(B), which states:
 {¶ 30} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 31} With respect to this charge, Elliott argues that there were "two other equally likely suspects" in this case: the driver, Rathatis Calhoun, and the owner of the vehicle. Furthermore, Elliott reiterates that the only evidence the state presented was his confession, which was unreliable. We disagree with Elliott's rendition of the evidence.
 {¶ 32} We do not find it likely that the driver of the vehicle or the owner of the vehicle was responsible for the cocaine. After initially questioning Calhoun, Officer Eskridge questioned Elliott. During this questioning, Elliott confessed that the cocaine belonged to him. Elliott admitted that he used cocaine, and the large amount of cocaine found under the passenger's seat was for his convenience and personal use. Further, Officer Lafferty, who responded as back-up, affirmatively testified that he overheard Elliott's admission to Officer Eskridge. Therefore, in the instant case, there was substantial evidence upon which the jury could have reasonably concluded that all of the elements of the offense of possession of cocaine were proven beyond a reasonable doubt. *Page 8 
 {¶ 33} In contrast to sufficiency, the weight of the evidence involves "`the inclination of the greater amount of credibleevidence.'" State v. Thompkins (1997), 78 Ohio St.3d 380, 387. (Emphasis sic. and citation omitted.) Whereas the "sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, * * * weight of the evidence addresses the evidence's effect of inducing belief."State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, at ¶ 25. (Citation omitted.) "In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's?" Id.
 {¶ 34} In determining whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following language as a guide:
 {¶ 35} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Thompkins, 78 Ohio St.3d at 387. (Citations omitted.)
 {¶ 36} The weight to be given to the evidence and the credibility of witnesses are primarily matters for the jury to decide.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 37} Further, "[t]he trier of fact is free to believe or disbelieve all or any of the testimony. * * * The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine *Page 9 
whether the witnesses' testimony is credible. * * * Consequently, although an appellate court must act as a `thirteenth juror' when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility. * * *" State v. Sevilla, 10th Dist. No. 06AP-954, 2007-Ohio-2789, at ¶ 13. (Internal citations omitted.)
 {¶ 38} In the instant case, the jury was presented with the testimony of Officer Eskridge, Officer Lafferty, Keith Taggart, a forensic scientist from the Bureau of Criminal Investigation, and Elliott. The jury was also presented with the videotape recording of the conversation between Officer Eskridge and Elliott, which took place at the scene of the incident. Although Elliott's version of the facts differs from those presented by the state, the jury was in the best position to resolve this inconsistency.
 {¶ 39} Therefore, after reviewing the record and weighing the evidence and all reasonable inferences, we cannot conclude the jury lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. Elliott's second assignment of error is not well-founded.
 {¶ 40} Based on the foregoing, the judgment of the Portage County Court of Common Pleas is hereby affirmed.
Diane V. Grendell, J., concurs,
Colleen Mary Otoole, J., concurs in judgment only. *Page 1