OPINION
{¶ 1} Defendant-appellant Danny W. Bank appeals his traffic conviction for speeding in the Licking County Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 28, 2004, appellant received a traffic citation for traveling 69 MPH in a 55 MPH zone, in violation of R.C. 4511.21(C). The citation indicated appellant's speed was monitored via radar, it was night, there were no adverse weather conditions, the traffic was light, and it occurred in a rural area. The citation does not specifically indicate appellant's speed was unsafe.
 {¶ 3} Appellant entered a plea of not guilty, and the matter proceeded to a bench trial on September 23, 2004. At trial, the State presented the testimony of Ohio State Highway Patrol Trooper Franks. He testified he observed appellant's vehicle traveling at what appeared to be a high rate of speed, he activated the radar and received a reading of 69 MPH. The State then asked Trooper Franks to identify appellant in the courtroom:
 {¶ 4} "Q. Could you tell me where he's seated and something he's wearing?
 {¶ 5} "A. Straight in front of me."
 {¶ 6} At trial, appellant's counsel established the traffic stop occurred in the afternoon, visibility was clear, and Trooper Franks had not calibrated his radar at 1500 hours as he had written on the citation.
 {¶ 7} At the conclusion of the State's case, appellant moved the trial court for dismissal based upon: Trooper Franks' testimony the radar was not calibrated at 1500 hours, because the stop took place and the citation was written two hours earlier; due to Trooper Frank's failing to provide a clear description of appellant at trial; and because there was no evidence appellant's speed was either excessive or unreasonable under the circumstances. The trial court denied the motion.
 {¶ 8} The trial court then found appellant guilty and fined him $15.00 plus costs. Appellant now appeals his September 23, 2004 conviction, assigning the following as error:
 {¶ 9} "I. THE LICKING COUNTY MUNICIPAL COURT ERRED WHEN IT FAILED TO GRANT APPELLANT'S MOTION FOR ACQUITTAL AT THE CONCLUSION OF THE STATE'S CASE BECAUSE THE OFFICER FAILED TO POSITIVELY IDENTIFY THE DEFENDANT/APPELLANT.
 {¶ 10} "II. THE LICKING COUNTY MUNICIPAL COURT ERRED WHEN IT FOUND APPELLANT GUILTY OF SPEEDING, IN VIOLATION OF R.C. 4511.21(C), AFTER THE DEFENDANT/APPELLANT REBUTTED THE PRESUMPTION IN R.C. 4511.21(C) THAT THE SPEED WAS UNREASONABLE FOR THE CONDITIONS."
 I {¶ 11} In the first assignment of error, appellant argues Trooper Franks failed to specifically identify the appellant in the courtroom in violation of appellant's due process rights. As indicated above, when asked to identify appellant in the courtroom and mention something he was wearing, Trooper Franks stated, "Straight in front of me." Appellant argues this statement does not meet the basic due process requirement the state's witness positively identify the defendant in a criminal or traffic case.
 {¶ 12} A review of the record indicates, while Trooper Franks did not describe appellant's clothing as asked, he did look at appellant and describe his location in the courtroom in reference to himself. We find Trooper Franks sufficiently established appellant's location in the courtroom to allow the trial court to identify appellant.
 {¶ 13} Appellant's first assignment of error is overruled.
 II {¶ 14} Appellant's second assignment of error argues the trial court erred in finding appellant guilty of violating R.C. 4511.21(C), after the appellant rebutted the presumption his speed was unreasonable under the conditions.
 {¶ 15} Section 4511.21(C) states:
 {¶ 16} "(C) It is prima-facie unlawful for any person to exceed any of the speed limitations in divisions (B)(1)(a), (2), (3), (4), (6), and (7) of this section, or any declared pursuant to this section by the director or local authorities and it is unlawful for any person to exceed any of the speed limitations in division (D) of this section. No person shall be convicted of more than one violation of this section for the same conduct, although violations of more than one provision of this section may be charged in the alternative in a single affidavit."
 {¶ 17} Division (D) states:
 {¶ 18} "(D) No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows:
 {¶ 19} "(1) At a speed exceeding fifty-five miles per hour, except upon a freeway as provided in division (B)(12) of this section;
 {¶ 20} "(2) At a speed exceeding sixty-five miles per hour upon a freeway as provided in division (B)(12) of this section except as otherwise provided in division (D)(3) of this section
 {¶ 21} "(3) If a motor vehicle weighing in excess of eight thousand pounds empty weight or a noncommercial bus as prescribed in division (B)(10) of this section, at a speed exceeding fifty-five miles per hour upon a freeway as provided in that division."
 {¶ 22} Appellant asserts the State offered no evidence regarding the conditions at the time of the alleged violation or whether appellant's speed was unreasonable under those conditions.
 {¶ 23} Appellant cites this Court's decision in State v. Shuler (March 16, 1998), Fairfield App. No. 97-CA-62, holding under Subsection C of the statute, traveling in excess of a posted, or otherwise specified speed limit, establishes only a prima facie case of speed, and not unlawful conduct per se. Appellant argues the prima facie case establishes a rebuttable presumption, which appellant overcame.
 {¶ 24} However, in State v. Dennis (June 24, 2004), Knox App. No. 03CA39, this Court concluded Section 4511.21(C) contains "two separate and distinct components. The first component is that it is `prima facie unlawful to exceed any of the speed limitations' contained in Subdivision (B). The second component states `it is unlawful for any person to exceed any of the speed limitations in Division (D) of this section." Therefore, the rebuttable presumption does not apply above the maximum speeds set forth in Subsection D, a violation of which is a per se violation.
 {¶ 25} In the case sub judice, appellant was traveling 69 MPH in a 55 MPH rural area. Appellant did not challenge the accuracy of the radar reading itself, rather only referenced the citation which inaccurately indicated a calibration occurred at 1500 hours at the end of the Trooper's shift. Accordingly, appellant is not afforded a rebuttable presumption; rather, appellant's citation violates Subsection D per se.
 {¶ 26} Furthermore, for purposes of appellate argument only, we note, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. In Shuler, supra, this Court held "the trier of fact may determine that the prima facie evidence alone is sufficient to establish a fact." The fact appellant offered evidence to rebut the presumption, which rebuttal evidence was not specifically disputed, does not automatically compel the conclusion the speed was reasonable for the conditions. Whether the rebuttal evidence rises to the level sufficient to rebut the presumption is still an issue left to the trier of fact. Accordingly, appellant did not rebut the presumption his speed was unreasonable under the conditions.
 {¶ 27} The second assignment of error is overruled.
 {¶ 28} Appellant's September 23, 2004 conviction in the Licking County Municipal Court is affirmed.
Hoffman, J., Boggins, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the September 23, 2004 Judgment Entry of the Licking County Municipal Court is affirmed. Costs assessed to appellant.