[Cite as *State v. Wells*, 2013-Ohio-4848.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0008** |
| FREDDIE FRANKLIN WELLS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Warren Municipal Court, Case No. 2012 CRB 02167.

Judgment: Affirmed.

*Gregory V. Hicks*, Warren City Law Director, 391 Mahoning Avenue, N.W., Warren OH 44483 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C., Kent, OH 44240 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from upon a final judgment of the Warren Municipal Court. Following trial, appellant Freddie Franklin Wells was found guilty of resisting arrest, menacing, and disorderly conduct. On appeal, appellant contests both the manifest weight and sufficiency of the evidence of the conviction. For the reasons stated below, appellant's conviction is affirmed.

{¶2} In November of 2012, appellant was at a local bar called Skippers. He was seated next to Brian Jankoski when Jankoski asked another bar patron whether

she would like some heroin. When the patron refused the heroin, Jankoski asked her if he "need[ed] to take care of anybody for you[,]" and displayed to her a concealed firearm by pulling up his shirt. The customer informed a bartender who subsequently notified the owner of the bar who then called the police.

{¶3} Outside of Skippers, one of the officers at the scene, Sergeant Anthony, testified that he saw appellant with Jankoski and a woman. The officers at the scene detained all three individuals, searched Jankoski, discovered the firearm on his person and arrested him. During Jankoski's arrest, Sergeant Anthony testified that appellant started to verbally challenge the officers' authority to arrest Jankoski and became "very combative" to the point where the officers had to arrest appellant. During the arrest, appellant allegedly continued to be combative toward the officers and stated "When I get released, I'm going to come after you guys and 'F you up.'"

{¶4} Appellant's defense solely consisted of his own testimony. During his testimony appellant claimed he was in the bar for only a short while because the bartender refused to serve him a drink without displaying a valid identification. After he left the bar, appellant testified that he was detained, along with Jankoski at gun point and cuffed by the officers immediately. After being cuffed and while he was being put in the police vehicle, appellant began asking questions as to why he was being arrested. Appellant denied making any threats to the police. Although appellant provided a defense of his actions, he confirms Sergeant Anthony's testimony that he was the one Sergeant Anthony encountered in the parking lot.

{¶5} Appellant alleges the following assignments of error:

{¶6} "The trial court erred as a matter of law by denying the appellant's motion to dismiss all charges made at the end of the State's case."

2

{¶7} "The appellant's convictions are against the manifest weight of the evidence."

{¶8} In determining whether evidence is sufficient to sustain a conviction, the reviewing court asks whether reasonable minds could differ as to whether each material element of a crime has been proven beyond a reasonable doubt. *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978). If reasonable minds could differ as to whether each material element has been proven, a Crim.R. 29 motion for acquittal must be overruled. *Id.* at 263-64. The evidence adduced at trial and all reasonable inferences must be viewed in the light most favorable to the state. *State v. Maokhamphiou*, 11th Dist. Portage No. 2006-P-0046, 2007-Ohio-1542, ¶20.

{¶9} In contrast, a manifest weight challenge requires the reviewing court to play the role of a "thirteenth juror." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). A reviewing court should be cognizant of the fact that the jury is in the best position to assess the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus (1967). For an appellate court to overturn a conviction as being against the manifest weight of the evidence, it must be found that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶10} Here, appellant only challenges the sufficiency of the evidence in regard to identification of the perpetrator of the crime. Sergeant Anthony testified that while

3

arresting Jankoski, the arresting officers "became involved with the defendant, Mr. Wells" and then proceeded to describe appellant's conduct. This testimony, viewed in a light most favorable to the state, is sufficient to prove beyond a reasonable doubt the identity of the perpetrator. Accordingly the first assignment of error is without merit.

{¶11} Regarding the second assignment of error, we cannot find that the evidence is against the manifest weight of the evidence. Appellant has not contested whether appellant's conduct as testified to by Sergeant Anthony satisfies all the elements of the crimes for which he was convicted; rather, appellant argues Sergeant Anthony testimony should not have been believed over that of appellant's testimony. As Appellant's testimony and Sergeant Anthony's testimony contradict one another, the credibility of the witnesses is the central issue. The credibility of witnesses is best left for the jury to decide. *DeHass, supra.* The jury was entitled to believe Sergeant Anthony's testimony as opposed to that appellant's testimony. Nothing indicates Sergeant Anthony's testimony was so incredible that no reasonable fact finder could credit Sergeant Anthony's identification of appellant or his testimony more generally as to the appellant's conduct. Accordingly, the second assignment of error is without merit.

{¶12} Consequently, it is the judgment of this court to affirm the judgment of the Warren Municipal Court.


TIMOHTY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only with a Concurring Opinion.

_____

4

COLLEEN MARY O'TOOLE, J., concurs in judgment only with a Concurring Opinion.

{¶13} I concur with the majority to affirm the judgment of the trial court. However, this writer notes that the state is expected to positively identify that "'the individual in the courtroom seated with defense counsel'" is the perpetrator of the crime. *See State v. Johnson*, 4th Dist. Scioto No. 93 CA 2205, 1994 Ohio App. LEXIS 5112, *4 (Nov. 1, 1994); *see also State v. Jaffe*, 2d Dist. Montgomery No. 17991, 2000 Ohio App. LEXIS 1912, *3 (May 5, 2000).

{¶14} The allegation that the arresting officer "became involved with the defendant, Mr. Wells," while arresting Jankoski, does nothing to validate a personal identification of the person sitting in the chair, the person whom the officer saw commit the wrongful act. The recognition and identification of the person sitting in the chair is essential to the Confrontation Clause as well as to the defendant's right to remain silent pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Ohio Constitution.

{¶15} Whereby the state is accusing that particular individual sitting there, not someone else by the same name or some anonymous defendant of committing an element of the crime, it is necessary to prove that element beyond a reasonable doubt. Basic due process requires the state to positively identify the defendant in a criminal case. *See e.g. State v. Bank*, 5th Dist. Licking No. 2004CA00086, 2005-Ohio-3562, ¶11. However, such was not done here. Nevertheless, the failure to do so in this case constitutes harmless error, because the defendant waived his right to remain silent and admitted his identity under oath and on the stand.

{¶16} Accordingly, I concur in judgment only.

5