[Cite as *State v. Lynch*, 2014-Ohio-1775.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-A-0039** |
| JOHN A. LYNCH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2012 CR 261.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Mark I. Verkhlin*, 839 Southwestern Run, Youngstown, OH 44514 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} This appeal is from the Ashtabula County Court of Common Pleas. Appellant John A. Lynch was convicted of illegal manufacture of methamphetamine in violation of R.C. 2925.04(A)(c)(3)(a), a second degree felony; illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041, a felony of the third degree; and aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree. Lynch timely appeals his conviction on the

basis that his statutory right to a speedy trial was violated, and that his attorney's failure to move to dismiss on that basis amounted to ineffective assistance of counsel. He also alleges that the jury verdict lacked sufficient evidence and was against the manifest weight of the evidence. For the following reasons, we affirm.

{¶2} On April 25, 2012, Joseph Sibert was driving in a car when he decided to get alcohol with his friends. Sean Parker sat in the front passenger seat; Lynch sat in the passenger seat behind the driver; and another friend sat in the seat behind the front passenger seat. At some point during this trip, Parker stopped at a Rite-Aid where he bought some Aleve-D, a pseudoephedrine medication.

{¶3} Shortly after this stop, at approximately 8:00 p.m., Sergeant James Kemmerle initiated a traffic stop because the car Sibert was driving had an expired validation sticker. Sergeant Kemmerle proceeded to ask all of the occupants what their names were and for their social security numbers or some identification. When Sergeant Kemmerle asked Lynch for his name, Lynch claimed he was Michael Lynch rather than John Lynch and gave two years for his birthday. After instructing the driver and passengers out of the car, Sergeant Kemmerle saw a large container of Morton's salt on the console and some Aleve-D on the passenger seat. As Sergeant Kemmerle continued his search, he found an orange backpack containing an "active one pot meth lab" and other chemicals used in methamphetamine production on the floor where Lynch was sitting.[1] Specifically, the backpack contained a funnel, coffee filters, ammonium nitrate and Coleman fuel. According to Kemmerle, the Morton's salt, the Aleve-D and the contents of the backpack were either chemicals or products used in

---

1. The validity and basis of the search are not contested.

2

the production of methamphetamine. A later search of the backpack revealed two baggies that contained substances that tested positive for methamphetamine.

{¶4} When Sergeant Kemmerle took Sibert's statement, Sibert said that when he picked up Parker and Lynch from Parker's house, Lynch carried the backpack into the car. However at trial, Sibert claimed the lab and backpack belonged to him, and that the backpack and the contents inside were in the car a day before they were arrested. According to Sibert, he lied in his statement about who owned or possessed the orange backpack and its contents because he was afraid of a long prison term.

{¶5} Parker also testified. He claimed that everyone knew the pseudoephedrine was for making meth, that everyone in the car was involved in making meth, and that Lynch knew the contents of the orange backpack because he was present when the methamphetamine production materials were being placed in the backpack.

{¶6} Lynch did not call any witnesses in his defense. Rather, his defense mainly consisted of trying to show that Lynch was merely present in a car where meth and materials used in meth production were present.

{¶7} As his first assignment of error, Lynch asserts that:

{¶8} "Defendant-appellant John Lynch was denied effective assistance of counsel pursuant to the test in *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 2000-Ohio-448, 721 N.E.2d 52, and *Strickland v. Washington* (1994), 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L.Ed.2d 674."

{¶9} Within this assignment of error, Lynch claims that his statutory right to a speedy trial was violated because the state was required to bring him to trial within 90 days of arrest and failed to do so. The state contends that the timeframe for being brought to trial is 270 days, and that Lynch was brought to trial within this time period.

{¶10} In evaluating ineffective assistance of counsel claims, we apply the following two-part test enunciated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984):

{¶11} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable."

{¶12} "[W]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-688. "To warrant reversal, '(t)he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989), quoting *Strickland*, *supra*, at 694.

{¶13} R.C. 2945.71(C)(2) provides that "[a] person against whom a charge of felony is pending: * * * (2) [s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(E), however states that "[f]or purposes of

4

computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E) only applies when the defendant is in jail solely on the pending charges. *State v. Dach*, 11th Dist. Trumbull Nos. 2005-T-0048, 2005-T-0054, 2006-Ohio-3428.

{¶14} The accused bears the burden of putting forth prima facie evidence that his statutory speedy trial rights have been violated. *State v. Butcher*, 27 Ohio St.3d 28, 30-31 (1986). A defendant presents a prima facie case for dismissal based on a speedy trial violation when the defendant alleges that he or she was held solely on the pending charges and for a time exceeding the limits of the triple-count provision. *Id.* At this point, the burden shifts to the state to produce evidence that the speedy trial time had not elapsed by either showing that the defendant was not entitled to the triple-count provision or that the speedy trial time was extended by tolling events pursuant to R.C. 2945.72. *Id.* at 31.

{¶15} Because Lynch never raised the issue before the trial court, the state's reciprocal burden to show the triple count provision did not apply or that the time was tolled was never triggered. The record therefore is insufficient to show trial counsel was deficient by failing to file the motion to dismiss. As resolution of this issue is dependent upon matters outside the record, for Lynch to receive relief on this issue, he must raise it in a post-conviction proceeding.

{¶16} Consequently, the first assignment of error is without merit.

{¶17} Because Lynch's second and third assignments of error challenge the manifest weight and sufficiency of the evidence, we will consolidate them in our review. As his second and third assignments of error, Lynch respectively asserts that:

5

{¶18} "The Trial Court committed reversible error when after a jury trial it found the Defendant-Appellant, John Lynch guilty of Illegal Manufacture of Methamphetamine, in violation of R.C. 2925.04(A)(c)(3), a felony of the second degree; Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, in violation of R.C. 2925.041(A), a felony of the third degree; and Aggravated Possession of Drugs, in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree when such a conviction was against the manifest weight of the evidence."

{¶19} "The Trial court committed reversible error when it overruled Defendant-Appellant, John Lynch's Crim.R. 29 Motion to Dismiss since the state had not met its burden of showing all of the element of the offense beyond a reasonable doubt and the evidence was insufficient to show a finding of guilt beyond a reasonable doubt."

{¶20} In determining whether evidence is sufficient to sustain a conviction, the reviewing court asks whether reasonable minds could differ as to whether each material element of a crime has been proven beyond a reasonable doubt. *State v. Bridgeman*, 55 Ohio St.2d 261 (1978). If reasonable minds could differ as to whether each material element has been proven, a Crim.R. 29 motion for acquittal must be overruled. *Id.* at 263-64. The evidence adduced at trial and all reasonable inferences must be viewed in the light most favorable to the state. *State v. Maokhamphiou*, 11th Dist. Portage No. 2006-P-0046, 2007-Ohio-1542, ¶20.

{¶21} In contrast, a manifest weight challenge requires the reviewing court to play the role of a "thirteenth juror." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). A reviewing court should be cognizant of the fact that the jury is in the best position to assess the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, paragraph one of the syllabus (1967). For an appellate court to overturn a conviction as being

against the manifest weight of the evidence, it must be found that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1983).

{¶22} For both the manifest weight and sufficiency challenges Lynch asserts that the fact that he handled some materials was insufficient and against the manifest weight of the evidence to suggest that he participated in the manufacture of methamphetamine. Despite the caption in the second assignment of error, Lynch does not challenge the possession-related charges. There was sufficient evidence on the record that Lynch possessed the materials in the orange backpack and that the materials in the orange backpack were going to be used in the production of methamphetamine. Nothing contradicts this evidence.

{¶23} Therefore the second and third assignments of error are without merit.

{¶24} The judgment of the trial court is affirmed.

TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concur.

7