[Cite as *State v. Enos*, 2015-Ohio-5466.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-P-0029** |
| GARY W. ENOS, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division.
Case No. R 2015 TRD 2365.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Kristina Drnjevich*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Gary W. Enos, Jr.*, pro se, 1464 Front Street, Apt. 4, Cuyahoga Falls, OH 44221 (Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Gary W. Enos, Jr., appeals the judgment of the Portage County Municipal Court, Ravenna Division, finding him guilty of violating R.C. 4511.39, failure to use a turn signal, a minor misdemeanor. Appellant was fined $100 and court costs, which he subsequently paid. For the reasons that follow, the judgment is affirmed.

{¶2} Appellant has appeared pro se both at the lower court and on appeal. Below, this matter was tried to the bench. The testimony of Trooper Chester Engle of

the Ohio State Highway Patrol demonstrates that he first observed appellant failing to use his turn signal when executing a left-hand turn. Driving behind appellant's vehicle, Trooper Engle observed appellant execute a second turn without first signaling. Trooper Engle continued to follow appellant; appellant stopped at a stop sign and made a left hand turn, again without using his turn signal. After he observed appellant fail to use his turn signal for the third time, he initiated a traffic stop.

{¶3} Trooper Engle confirmed that both appellant's right- and left-hand turn signals were in proper working order. Appellant failed to comply with Trooper Engle's order to exit the vehicle, and backup was called. Appellant then began to video tape Trooper Engle via his cellular telephone. Eventually, appellant exited the vehicle. At this point, appellant stuck his tongue out and began to make inappropriate gestures toward a nearby establishment. Appellant was charged with failure to use his turn signal, a violation of R.C. 4511.39.

{¶4} After a bench trial, appellant was found guilty of violating R.C. 4511.39 and fined $100 and court costs. Appellant paid the fine and court costs. There is apparently still $3.00 in costs owing, but this is a cost associated with filing of the appeal. Appellant filed a timely appeal and asserts the following assignments of error:

> [1.] The trial court committed prejudicial error in entering a finding of guilty based upon its opinion that the appellant exhibited poor attitude and conduct with the trooper during the traffic stop.
>
> [2.] The evidence does not satisfy a sufficiency of evidence standard necessary to convict the appellant.
>
> [3.] The court committed prejudicial error by convicting the appellant against the manifest weight of the evidence.

[4.]  The court committed an abuse of discretion in overruling the appellant's objection to the appellee's questioning of the trooper, when such questions were irrelevant to the case being tried.

{¶5}    In this case, appellant voluntarily paid his fine and costs.

[W]here a criminal defendant, convicted of a *misdemeanor*, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction.

*State v. Golston*, 71 Ohio St.3d 224, 226 (1994), citing *State v. Wilson*, 41 Ohio St.2d 236 (1975) and *State v. Berndt*, 29 Ohio St.3d 3 (1987).  At oral argument, appellant asserted that this conviction resulted in a 12-point license suspension, yet there is nothing in the record to support his contention.

{¶6}    When analyzing appellant's assigned errors on appeal, it is clear we must affirm the judgment of the trial court.

In determining whether evidence is sufficient to sustain a conviction, the reviewing court asks whether reasonable minds could differ as to whether each material element of a crime has been proven beyond a reasonable doubt. *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978). If reasonable minds could differ as to whether each material element has been proven, a Crim.R. 29 motion for acquittal must be overruled. *Id.* at 263-64. The evidence adduced at trial and all reasonable inferences must be viewed in the light most favorable to the state. *State v. Maokhamphiou*, 11th Dist. Portage No. 2006-P-0046, 2007-Ohio-1542, ¶20.

In contrast, a manifest weight challenge requires the reviewing court to play the role of a 'thirteenth juror.' *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). A reviewing court should be cognizant of the fact that the jury is in the best position to assess the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, paragraph one of the syllabus (1967). For an appellate court to overturn a conviction as being against the manifest weight of the evidence, it must be found that '"the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the

3

conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1983).

*State v. Lynch*, 11th Dist. Ashtabula No. 2013-A-0039, 2014-Ohio-1775, ¶20-21.

{¶7} Here, the evidence adduced at trial was sufficient to demonstrate that appellant violated R.C. 4511.39, which states, in pertinent part:

> (A) No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided.
>
> When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle or trackless trolley before turning[.]

{¶8} The evidence presented at trial reveals Trooper Engle was traveling behind appellant's vehicle, traffic was light that evening, and his level of visibility was clear. Trooper Engle testified he was one hundred percent certain that he observed appellant effectuate three turns without first signaling. Furthermore, the dash-cam video admitted into evidence depicts appellant making a left-hand turn without first signaling. Therefore, there was sufficient evidence for the trial court to find appellant guilty of violating R.C. 4511.39 beyond a reasonable doubt.

{¶9} Appellant also maintains the trial court's finding of guilt was against the manifest weight of the evidence. We disagree. As previously discussed, the trial court found appellant failed to signal before making a turn. At trial, the court heard the testimony of Trooper Engle as well as appellant, who testified that he did, in fact, signal prior to making his turns. The trial court, as the finder of fact, found appellant's

4

testimony to be unpersuasive. Nothing in the record indicates the trial court lost its way in finding appellant guilty of violating R.C. 4511.39. Accordingly, the finding of guilt was not against the manifest weight of the evidence.

{¶10} We note the record demonstrates that appellant repeatedly failed to comply with the trooper's orders to exit the vehicle, to the point Trooper Engle had to call for back-up. This was corroborated by the admission of the dash-cam video. Further, the dash-cam video depicted appellant making inappropriate gestures toward an establishment when being patted down for weapons. At trial, appellant showed disrespect for the judicial process by continually interrupting the trial judge. On appeal, appellant argues the trial court found him guilty based solely on his conduct with Trooper Engle. The record, however, demonstrates otherwise. At the conclusion of the trial, the court stated: "So the court is going to enter a finding of guilty, assess a fine of $100 and court costs." After the imposition of the fine and sentence, the trial court commented on appellant's behavior and attitude.

> Mr. Enos, for whatever it is worth, this has nothing to do with the turn signal. It has everything to do with your attitude and conduct. When an officer tells you to get out of the car you don't have the right to stay in the car. I don't care what you think you have learned.

{¶11} Appellant maintains the trial court did not find him guilty based on the evidence presented but, based on the trial court's comments, appellant's poor attitude and disrespect. The comments of the trial court could be read either of two ways: (1) that appellant's poor attitude and disrespect prompted the imposition of the maximum fine, not the finding of guilt, or (2) that once the fine and finding of guilt was imposed, the trial court found it pertinent to comment on appellant's disrespectful behavior and

5

lack of compliance with the officer's orders. Either way, the evidence adduced at trial was more than sufficient to find him guilty of violating R.C. 4511.39 and, given the evidence before this court, we find no error in the trial court's comments regarding appellant's disrespectful and abhorrent behavior toward law enforcement and the judicial process.

{¶12} Appellant's assignments of error are without merit.

{¶13} The judgment of the Portage County Municipal Court, Ravenna Division, is hereby affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

6