[Cite as *State v. Purdy*, 2016-Ohio-1302.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-054** |
| SAMUEL PURDY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 14 CR 000312.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer*, Lake County Public Defender, and *Vanessa R. Clapp*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Samuel Purdy, appeals from the judgment of the Lake County Court of Common Pleas, following a jury trial, convicting and sentencing him for Operating a Vehicle Under the Influence of Alcohol, Aggravated Vehicular Assault, and Failure to Stop After a Non-Public Road Accident. For the following reasons, we affirm the judgment of the trial court.

{¶2} This case arises from an accident that occurred around 2:00 a.m. on March 1, 2014. The following facts were presented at trial. After drinking a large number of alcoholic beverages, appellant was driven by Zaid Alsaifi to Ashley Prelesnik's apartment complex in Concord, Ohio. Ashley was also in the vehicle, along with her boyfriend, Jimmy Muntain. Zaid was driving Jimmy's car. Another friend, Kristofer Champion, followed them in his vehicle. They had all been attending the birthday party of a friend, Daniel Watts, at Panini's restaurant. Zaid made an audio recording of the group on his cell phone, which included nearly five minutes of the drive and activity in the parking lot at Ashley's apartment.

{¶3} Earlier in the day, appellant had backed his truck into a parking spot on one side of a U-Haul truck, one or two car widths away from the U-Haul, in the parking lot at Ashley's. When the group arrived at this parking lot, Zaid parked Jimmy's car on the other side of the U-Haul. Kristofer parked his car perpendicular to Jimmy's car, in the middle of the parking lot aisle, and left it running. Appellant was apparently angry from a conversation that had occurred during the drive to the apartment and was in a hurry to leave despite his friends' admonitions that he was too drunk to drive. After exiting the vehicle, he became more upset because Ashley told him he could not drive home. Appellant lived with his parents in Cleveland, approximately half an hour away from Concord.

{¶4} Appellant started his truck, and Ashley reached in the driver's side in an attempt to take away appellant's keys. The sound of appellant's truck horn can be heard on the recording, resulting from the quick struggle for keys and Ashley being pushed into the steering wheel. Ashley then reached back into the truck, apparently

2

through the driver's side window of the extended cab. Appellant aggressively pulled forward from his parking spot; turned left; struck the side of Kristofer's vehicle parked in the aisle; and quickly exited the parking lot. The sound of an engine revving, a crash, and then tires squealing can be heard on the recording. Ashley's arms remained inside the truck, as she was apparently unable to pull away once the truck started moving. Her body was crushed into the side of Kristofer's vehicle, she fell from the truck, and appellant ran over her body with his left rear tire. Appellant did not stop when his friends called out.

{¶5} Kristofer's vehicle sustained damage from the impact of Ashley's body and appellant's truck. Ashley was unconscious and bleeding from her head. Her clothes were torn where she was run over by the truck. She sustained severe injuries, including contusions to her head that required around 40 stitches; bruising to her brain; three broken ribs; a bruised lung; lesions on her liver; severe road rash on her right thigh and hip; a fractured elbow; and an injury to her knee. Appellant was located and questioned at his parents' home in Cleveland around 4:00 a.m., and his truck was impounded.

{¶6} Appellant was indicted on one count of Aggravated Vehicular Assault ("AVA"), a third-degree felony in violation of R.C. 2903.08(A)(1)(a); one count of Operating a Vehicle Under the Influence of Alcohol ("OVI"), a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(a); and one count of Failure to Stop After a Non-Public Road Accident, a fifth-degree felony in violation of R.C. 4549.021(A).

{¶7} Appellant was found guilty by a jury on all three counts. The trial court sentenced appellant to 36 months in prison on Count 1, 180 days in prison on Count 2, and 9 months in prison on Count 3. The sentences in Counts 2 and 3 were ordered to

3

run concurrent to the sentence in Count 1 for a total of 36 months in prison. Appellant's driver's license was suspended for a total of 10 years, and the trial court imposed a $525 fine.

{¶8} Appellant filed a timely notice of appeal and asserts three assignments of error for our review. Only appellant's convictions for OVI and AVA are at issue, as he has not appealed his conviction for Failure to Stop. Appellant's assignments of error state:

> [1.] The trial court erred to the prejudice of the defendant-appellant when it denied his Crim.R. 29(A) motion for judgment of acquittal in violation of his rights to fair trial and due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 10 and 16 of [the] Ohio Constitution.

> [2.] The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence.

> [3.] The trial court erred when it failed to merge the convictions for aggravated vehicular assault and operating a vehicle under the influence as allied offenses of similar import, in violation of the defendant-appellant's rights under the Double Jeopardy and Due Process Clauses of the Fifth and Fourteenth Amendment to the United States Constitution and Article 1, Section 10 of the Ohio Constitution.

{¶9} Under his first assignment of error, appellant asserts the trial court erred in denying his Crim.R. 29(A) motion for judgment of acquittal.

{¶10} Crim.R. 29(A) requires the trial court to grant a motion for judgment of acquittal if the evidence is insufficient to sustain a conviction on the charged offenses. "Thus, when an appellant makes a Crim.R. 29 motion, he or she is challenging the sufficiency of the evidence introduced by the state." *State v. Patrick*, 11th Dist. Trumbull Nos. 2003-T-0166 & 2003-T-0167, 2004-Ohio-6688, ¶18.

4

**{¶11}** When reviewing whether sufficient evidence was presented to sustain a conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). Thus, a claim of insufficient evidence invokes a question of due process, the resolution of which does not allow for a weighing of the evidence. *State v. Habo*, 11th Dist. Portage No. 2012-P-0056, 2013-Ohio-2142, ¶14.

**{¶12}** First, to support a conviction of OVI, the state was required to prove beyond a reasonable doubt that appellant (1) operated his vehicle (2) within the state (3) while under the influence of alcohol. *See* R.C. 4511.19(A)(1)(a). To prove the third element, "the state does not need to prove actual impaired driving but, rather, must only show impaired driving ability. Impaired driving ability can be proven through physiological factors such as slurred speech or bloodshot eyes and, also, through coordination tests such as the standard field sobriety tests." *State v. Shaffer*, 11th Dist. Portage No. 2002-P-0133, 2004-Ohio-336, ¶21. Appellant argues there was insufficient evidence of his impaired driving ability to support his conviction of OVI.

**{¶13}** Appellant and many others were at Panini's restaurant celebrating the birthday of Daniel Watts. There was testimony that appellant drank eleven or twelve mixed drinks throughout the evening, plus beer and shots of alcohol. There was also testimony that employees at the restaurant eventually cut off all drink purchases for the group because they were noisy, messy, and drunk. Brian Kontra, the manager, testified that he personally took a beer out of appellant's hands because he was engaged in a

5

loud argument with another person in the group. Ashley testified that appellant was arguing with her at that point in the evening. After laying the proper foundation under Evid.R. 701, Ashley Prelesnik , Daniel Watts, and his girlfriend, Jennifer Hanifon, all testified it was their opinion that appellant was intoxicated at the time appellant left the restaurant. The prosecution established that Kristofer Champion, Zaid Alsaifi, Jimmy Muntain, and Ashley all left the restaurant with appellant approximately 10 minutes before the accident occurred at Ashley's apartment.

{¶14} Kristofer and Zaid testified they were with appellant at the restaurant, but neither of them was drinking alcohol. Zaid drove appellant, Jimmy, and Ashley in Jimmy's car to Ashley's apartment, and Kristofer followed in his car behind them. Zaid testified he drove everyone to Ashley's apartment because Ashley was drunk, Jimmy was so intoxicated he was unable to talk or walk on his own, and appellant was "absolutely not" capable of operating a vehicle due to his intoxication. Ashley and Zaid testified that another argument with appellant occurred during the five minute drive to Ashley's apartment. Kristofer and Zaid witnessed the accident occur in the parking lot of Ashley's apartment around 2:00 a.m. With the proper foundation, Kristofer and Zaid both testified it was their opinion that appellant was obviously under the influence of alcohol at the time of the accident.

{¶15} Deputy Jeffrey Dybzinski testified that he was provided with appellant's information and located appellant's truck at his parent's address in Cleveland around 4:00 a.m. Deputy Dybzinski explained to Mr. Purdy that the truck was involved in a crime and requested to speak with appellant. Appellant was asleep inside the house. Mrs. Purdy let the officers in the house while Mr. Purdy woke up appellant. Upon

6

questioning, appellant told Deputy Dybzinski that he had been at Panini's that evening, that he "drank too much" and he "shouldn't have drove home," but he did. He also acknowledged that Ashley had reached into his truck for his keys. He admitted crashing into a vehicle in the parking lot at Ashley's apartment, which he mistakenly identified as Jimmy's vehicle, but denied knowing that Ashley had been injured.

{¶16} Deputy Dybzinski then testified that he began to detect common signs of alcohol impairment from appellant: a strong odor of an alcoholic beverage; glassy bloodshot eyes; dishevelment; confusion. He also testified that appellant slipped and fell on the front stairs as they removed him from the home and injured his hand. Although there was some ice on the steps, according to Deputy Dybzinski neither he nor the other officer had any trouble walking down them. Because it had been more than two hours since the accident occurred, the officers did not obtain a blood or urine sample from appellant. The officers also did not perform field sobriety tests on appellant.

{¶17} Deputy Dybzinski further testified that appellant gave an oral statement, which the deputy wrote down for him: "because of the intoxication, [I believed] it would be easier for me to assist him with completing the statement as far as writing questions down and writing down his answers." It was also decided that appellant could not write his own statement because of the injury to his hand. Appellant then initialed his answers. In response to whether he was drunk or intoxicated when the accident occurred, appellant responded "yes." When asked how much alcohol he had consumed that night, appellant responded "too much."

7

**{¶18}** Viewing the evidence most strongly in favor of the prosecution, we hold the testimony of Deputy Dybzinski, Daniel, Jennifer, Kristofer, Zaid, and Ashley provided sufficient evidence of appellant's impaired driving ability. Any rational jury could have found the elements of OVI, in violation of R.C. 4511.19(A)(1)(a), proven beyond a reasonable doubt.

**{¶19}** Next, to support a conviction of AVA, the state had to prove beyond a reasonable doubt that appellant (1) caused serious physical harm to another person (2) while operating his vehicle (3) as the proximate result of violating R.C. 4511.19(A). *See* R.C. 2903.08(A)(1)(a). Appellant argues there was insufficient evidence to prove that his actions, rather than Ashley's own actions, were the proximate cause of her injuries.

**{¶20}** "'The general rule is that a defendant's conduct is the proximate cause of injury or death to another if the defendant's conduct (1) is a "substantial factor" in bringing about the harm and (2) there is no other rule of law relieving the defendant of liability.'" *State v. Filchock*, 166 Ohio App.3d 611, 2006-Ohio-2242, ¶77 (11th Dist.), quoting *State v. Flanek*, 8th Dist. Cuyahoga No. 63308, 1993 Ohio App. LEXIS 4282, *18-19 (Sept. 2, 1993). "A defendant cannot escape criminal liability merely because factors other than his actions contributed to the death or injury to the victims, unless the other factors were the *sole* proximate cause." *State v. Ward*, 2d Dist. Montgomery No. 18211, 2001 Ohio App. LEXIS 812, *8 (Mar. 2, 2001), citing *Flanek*, *supra*, at *19 (emphasis sic).

**{¶21}** Here, the amount of evidence in support of a determination that appellant's conduct was a substantial factor in bringing about serious physical harm to Ashley was not only sufficient, but overwhelming. Appellant gave a statement to Deputy

Dybzinski admitting that he had too much to drink, but chose to drive anyway; he knew Ashley had reached into his truck in an attempt to take his keys; he knew his driver's side window was down as he drove away; and he knew he had crashed into his friend's vehicle while leaving the parking lot. Further, the audio recording admitted at trial reveals mere seconds passed between the moment Ashley initially reached into the truck, of which appellant admits he was aware, and the moment Ashley was run over by appellant. Regardless of whether Ashley's intoxication contributed to her decision to reach back into appellant's truck a second time, that action was in no way the sole proximate cause of her being dragged by appellant's truck, her body crashing into another vehicle with such force that it caused damage, and appellant running over her body with his rear tire.

{¶22} Viewing the evidence most strongly in favor of the prosecution, we hold there was sufficient evidence that appellant's conduct in violating R.C. 4511.19(A)(1)(a) (i.e., operating his vehicle under the influence of alcohol) was the proximate cause of Ashley's injuries. Any lucid, rational jury could have found the elements of AVA, in violation of R.C. 2903.08(A)(1)(a), proven beyond a reasonable doubt.

{¶23} The trial court did not err in denying appellant's Crim.R. 29(A) motion for judgment of acquittal. Appellant's first assignment of error is without merit.

{¶24} Under his second assignment of error, appellant asserts his convictions for OVI and AVA were against the manifest weight of the evidence.

{¶25} To determine whether a verdict is against the manifest weight of the evidence, a reviewing court must consider the weight of the evidence, including the credibility of the witnesses and all reasonable inferences, to determine whether the trier

9

of fact "'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). In weighing the evidence submitted at a criminal trial, an appellate court must defer to the factual findings of the trier of fact regarding the weight to be given the evidence and credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus.

**{¶26}** Based on the evidence outlined above, we cannot say that appellant's convictions were against the manifest weight of the evidence. Appellant did not put on a case in chief, and he did not present any evidence to overcome the weight of the evidence presented by the prosecution. The jury did not lose its way or create a manifest miscarriage of justice by finding appellant guilty of OVI and AVA.

**{¶27}** Appellant's second assignment of error is without merit.

**{¶28}** In his final assignment of error, appellant argues his convictions for OVI and AVA should have merged, for purposes of sentencing, as allied offenses of similar import. After appellant filed his appellate brief, however, the Ohio Supreme Court resolved a pending conflict on this issue, holding OVI and AVA are *not* allied offenses of similar import. *State v. Earley*, Slip Opn. 2015-Ohio-4615 (Sup. Ct.), ¶11-16, applying *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995.

**{¶29}** In reaching this decision, the Supreme Court explained that OVI has a different import and significance than AVA. Whereas a violation of R.C. 2903.08(A)(1)(a) (i.e., AVA) "necessarily involves causing serious physical harm to another person," a violation of R.C. 4511.19(A)(1)(a) (i.e., OVI) "occurs *any time* an

10

individual drives under the influence of alcohol or drugs, and one who does so commits this offense regardless of any subsequent consequences that occur due to the impaired driver's actions." *Id.* at ¶15 (emphasis added). Thus, a trial court may impose separate, cumulative sentences for AVA and OVI when the OVI offense is the predicate conduct for the AVA offense. *Id.* at ¶21.

**{¶30}** Appellant's third assignment of error is without merit.

**{¶31}** For all of the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.