[Cite as *State v. Rangel*, 2016-Ohio-7148.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**


STATE OF OHIO,                    :         **O P I N I O N**

      Plaintiff-Appellee,        :

    - vs -                             :         **CASE NO. 2015-L-119**

GILBERTO RANGEL,            :

      Defendant-Appellant.      :


Criminal Appeal from the Lake County Court of Common Pleas, Case No. 14 CR 000846.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Pamela D. Kurt*, 30432 Euclid Avenue, Suite 101, Wickliffe, OH 44092 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} Appellant, Gilberto Rangel, appeals his consecutive sentences on two counts of aggravated vehicular assault and one count of driving while under the influence of alcohol. He contends that the trial court did not make sufficient findings justifying the duration of his sentence, the OVI count should have merged with the remaining two counts, and he was denied effective assistance of counsel. For the

following reasons, we affirm.

{¶2} Appellant's convictions stem from an October 19, 2014 motor vehicle accident in Painesville, Ohio. At approximately 5:00 p.m., appellant was driving his pickup truck west on Kerr Avenue when he attempted to turn left onto Richmond Street. As he was completing the turn, he hit a minivan traveling north on Richmond. After the police arrived at the scene, appellant failed field sobriety tests and admitted to having a few beers immediately prior to driving. Appellant agreed to take a breathalyzer and, the concentration of alcohol in his breath was 0.184.

{¶3} A family of four was in the minivan. The father injured his shoulder and sustained serious lacerations to his face and head. One of the children suffered a broken leg requiring two surgeries. The mother and the second child did not sustain serious physical injuries, but experienced psychological harm. In all, the family's medical bills exceed $200,000.

{¶4} Appellant's case ultimately was bound over to the Lake County Court of Common Pleas. In August 2014, the state filed an information, charging appellant with two counts of aggravated vehicular assault, a third-degree felony under R.C. 2903.03(A)(1)(a), and one count of driving while under the influence of alcohol, a first-degree misdemeanor under R.C. 4511.19(A)(1)(a). The first two counts pertain to the father and the child with the broken leg, and assert that appellant caused serious physical harm to the victims as a proximate result of driving his motor vehicle while under the influence.

{¶5} Appellant pleaded guilty to all three charges as stated in the information. The trial court accepted the pleas and ordered a presentencing investigation. In

October 2015, a sentencing hearing was held, during which the trial court heard victim impact statements from the father and mother. Appellant spoke on his own behalf and presented a statement from his long-time employer regarding his general character. At the close of the proceeding, the court imposed two thirty-month prison terms on the aggravated vehicular assault counts and a six-month term for driving while under the influence, consecutively, for an aggregate term of 66 months.

{¶6} Appellant appeals asserting three assignments of error:

{¶7} "[1.] The appellant was denied due process by a sentence contrary to Ohio law and the state and federal constitutions including disproportionate prison terms and an order that all counts be served consecutively.

{¶8} "[2.] The trial court erred in sentencing the appellant to separate consecutive prison terms for OVI and aggravated vehicular assault as these specific crimes are allied offenses of similar import should have merged at the very least.

{¶9} "[3.] The appellant was denied effective assistance of counsel contrary to Ohio law and the state and federal constitutions due to his ineffective assistance of trial counsel."

{¶10} Under his first assignment, appellant raises two arguments contesting the length of his sentence. First, he contends that the trial court erred in imposing a thirty-month prison term on each of the two aggravated vehicular assault charges. According to him, the trial court's decision was not guided by the statutory principles and purposes of felony sentencing, as delineated in R.C. 2929.11, and the statutory factors governing seriousness and recidivism, as stated in R.C. R.C. 2929.12.

{¶11} An appellate court's review of a felony sentence is controlled solely by the

3

provisions of R.C. 2953.08(G)(2).  *State v. Grega*, 11th Dist. Ashtabula No. 2014-A-0002, 2014-Ohio-5179, ¶10.  That statute provides:

**{¶12}**  "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

**{¶13}** "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard of review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

**{¶14}**  "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶15}**  "(b) That the sentence is otherwise contrary to law."

**{¶16}**  Under this standard, an appellate court must uphold the imposed felony sentence unless: (1) the trial court's findings on any applicable mandatory requirements are clearly and convincingly not supported by the record; or (2) the sentence is clearly and convincingly not consistent with other pertinent aspects of the law.  *State v. Talley*, 11th Dist. Trumbull No. 2014-T-0098, 2015-Ohio-2816, ¶15, citing *State v. Robinson*, 1st Dist. Hamilton No. C-140043, 2015-Ohio-773, ¶38.  Under the second prong of the standard, the length of any sentence for an individual offense is not contrary to law if the term falls within the statutory range for that particular offense and the record shows the

4

trial court considered the general principles and purposes of felony sentencing, along with the specific statutory factors for seriousness and recidivism. *State v. Hayes*, 2nd Dist. Clark No. 2014-CA-27, 2014-Ohio-5362, ¶15-16. *See also State v. Deniro*, 11th Dist. Lake Nos. 2012-L-121 and 2012-L-122, 2013-Ohio-2826, ¶25-27.

**{¶17}** Appellant was convicted of two third-degree felonies under R.C. 2903.08. The prison term for such an offense "shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months." R.C. 2929.14(A)(3)(a). Given that the trial court sentenced appellant to thirty months on each of the aggravated vehicular homicide counts, the terms are within the statutory range.

**{¶18}** At the sentencing hearing, the trial court expressly stated that it considered the general purposes and principles of felony sentencing, as provided in R.C. 2929.11, and the various factors relating to the seriousness of the crimes and the likelihood of future offenses, as listed in R.C. 2929.12. The court made the same statement in its judgment entry. Thus, the trial court complied with the applicable statutes in determining the length of appellant's felony offenses.

**{¶19}** Appellant argues that the trial court's citation to R.C. 2929.11 and 2929.12 was mere "lip service," and that the court did not actually consider the governing factors. We disagree. First, regarding the seriousness of the two felony offenses, the court noted that the father and the one child suffered very serious physical injuries, and that those injuries caused serious economic harm for the entire family. The trial court further noted that all four members sustained serious psychological harm. Second, as to the likelihood of future crimes, the court emphasized that, since 2007, appellant had four prior criminal convictions, including two for OVI. The court also stated that, although

5

appellant received treatment for his drinking problem on three separate occasions, he again chose to drive a motor vehicle after consuming alcohol.

{¶20} Appellant does not contest any of these findings. The findings sufficiently warrant two thirty-month prison terms as necessary to protect the public and to punish. According, the record does not establish that the imposition of the thirty-month terms is clearly and convincingly contrary to law.

{¶21} As part of his challenge to the length of the terms for aggravated vehicular assault, appellant contends that the trial court did not engage in a proportionality analysis, as required under R.C. 2929.11(B). However, when the trial court considers and applies the general sentencing guidelines set forth in R.C. 2929.11 and 2929.12, the prison term is deemed proportionate to the sentences given in similar cases. *State v. Lewis*, 11th Dist. Lake No. 2011-L-004, 2011-Ohio-4700, ¶26. As stated, the trial court considered the general guidelines.

{¶22} Under the second argument in his first assignment, appellant submits that the trial court failed to make requisite findings for imposing consecutive prison terms.

{¶23} The imposition of consecutive prison terms for multiple felony offenses is governed by R.C. 2929.14(C)(4), one of the five statutory provisions listed in R.C. 2953.08(G)(2)(a). Accordingly, imposition of consecutive terms will be affirmed unless this court clearly and convincingly finds that the record fails to support the trial court's findings under R.C. 2929.14(C)(4).

{¶24} "It is important to note 'that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of

6

appeals that must clearly and convincingly find that the record does not support the court's findings.' [*State v.*] *Venes*, 2013-Ohio-1891, 992 N.E.2d 453, at ¶21. 'In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.' *Id.*" *State v. Rodeffer*, 2nd Dist. Montgomery Nos. 25574, 25575, and 25576, 2013-Ohio-5759, ¶31.

{¶25} Pursuant to R.C. 2929.14(C)(4), a trial court "may" sentence the offender to consecutive prison terms if it finds that: (1) such terms are "necessary to protect the public from future crime or to punish the offender"; (2) such terms "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one of three enumerated alternatives exist. The trial court found that two of the three alternatives exist:

{¶26} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶27} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶28} The trial court expressly found all the prongs satisfied, prong three being satisfied by two of the three alternatives.

{¶29} The court also made specific factual findings regarding the seriousness of appellant's conduct, the seriousness of the injuries sustained by the family, and

7

appellant's inability to overcome his alcohol problem despite receiving prior treatment as evidenced by his four prior criminal convictions, including two for OVI, one for disorderly conduct, and one for obstructing official business.

{¶30} In the absence of conflicting evidence, appellant fails to clearly and convincingly demonstrate that the trial court's findings under R.C. 2929.14(C)(4) are not supported. Thus, since appellant has failed to establish any error as to the length of the imposed terms and the decision to make them consecutive, his first assignment is without merit.

{¶31} Under his next assignment, appellant asserts that the drunk driving count should have been merged into the two aggravated vehicular assault counts because the two crimes are allied offenses of similar import. However, in *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, ¶11-16, the Supreme Court of Ohio rejected this argument, concluding that aggravated vehicular assault and driving while under the influence of alcohol, pursuant to R.C. 4511.19(A)(1)(a), are not allied offenses because aggravated vehicular assault always involves the infliction of serious physical harm. Hence, a trial court can impose a separate, cumulative sentence for the OVI offense even if the drunk driving charge forms the basis of the aggravated vehicular assault. *Id*. at ¶21. *See also State v. Purdy*, 11th Dist. Lake No. 2015-L-054, 2016-Ohio-1302, ¶28-29. Appellant's second assignment lacks merit.

{¶32} Under his third assignment, appellant claims ineffective assistance of counsel. First, he contends that counsel should not have apologized to the victims as part of his argument to the trial court during the sentencing hearing:

{¶33} "First, I just want to apologize to the family. I have a wife and two kids as

8

well, a family. I don't know how to express my sympathies with you and how you guys all – I have a daughter named Olivia and her accident, her injuries, I feel terrible.

{¶34} "My family, years ago, we were victims of a drunk driving accident as well. My older brother and sister were involved in an accident. I was in another car with my parents, we saw the whole thing. Thankfully we had the same type of injuries that you guys suffered. I know from my prospective I'm very sorry and I know – and I know somewhat what you're going through as a parent and a victim.

{¶35} "I know that [appellant] feels the same way. He is a parent of two kids, same. What he did was awful. And it's an accident. It's not malicious. It was an accident. And I just want to express to you again my apologies. But I just want you to know and this Court to know, I don't want to make you guys feel bad for what's happened here today, because [appellant] is here to accept responsibility for what he did and express his remorse as well. So, I don't want you to – I don't want you to feel bad for what's happening today, because honestly [appellant], he's here, he's taking responsibility for it."

{¶36} "'In evaluating ineffective assistance of counsel claims, Ohio appellate courts apply the two-part test enunciated by the United States Supreme Court in *Strickland v. Washington*, (1984), 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 * * *. See, *In re Rogue*, 11th Dist. No. 2005-T-0138, 2006-Ohio-7007, at ¶11. * * * First, it must be determined that counsel's performance fell below an objective standard of reasonableness. Id. Second, it must be shown that prejudice resulted. Id. "Prejudice exists when 'the result of the trial would have been different' but for counsel's ineffectiveness." Id.' *State v. Woodard*, 11th Dist. No. 2009-A-0047, 2010-Ohio-2949,

¶11.

{¶37} "In applying the foregoing standard, a 'reviewing court indulges a strong presumption that counsel's conduct is within the wide range of reasonable professional representation. *Strickland*, [466 U.S. at 689.] An attorney's arguably reasoned strategic or tactical decisions do not generally constitute ineffectiveness. *State v. Phillips*, 74 Ohio St.3d 72, 85, 1995-Ohio-171, 656 N.E.2d 643, * * *.' *State v. DelMonico*, 11th Dist. No. 2003-A-0022, 2005-Ohio-2902, ¶13." *State v. Allen*, 11th Dist. Lake No. 2011-L-157, 2013-Ohio-434, ¶15-16.

{¶38} At the close of his sentencing argument before the trial court, trial counsel requested that a total sentence of only two years be imposed. In support of the request, counsel emphasized three points: (1) appellant admitted his guilt immediately following the accident; (2) he felt extreme remorse for the injuries the victims sustained; and (3) even prior to sentencing, he had taken steps to overcome his drinking problems so that he would never again drive while under the influence. Therefore, by asserting his own apology for the accident, trial counsel was simply adding emphasis to the first two points of the argument; i.e., that appellant realized what he did was wrong and truly felt sorry for the injuries he caused.

{¶39} In adding his own apology, trial counsel made a strategic decision intended to reinforce the sentencing argument. This decision falls within the range of acceptable professional representation.

{¶40} Appellant also claims that trial counsel failed to present evidence regarding certain mitigating factors. Yet, in asserting this argument, appellant does not expressly state what other evidence should have been submitted. Instead, he states

10

that his lack of proficiency with the English language inhibited his ability to participate in that sentencing hearing.

{¶41} The transcript shows that, at times, the court reporter could not understand what appellant was saying when he spoke on his own behalf. However, nothing indicates that appellant experienced any problems in speaking with his counsel and formulating his strategy for the sentencing hearing. Furthermore, not knowing what could have been presented, we cannot state trial counsel was ineffective. Appellant's third assignment of error is not well taken.

{¶42} The judgment of the Lake County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.